Argued February 3; affirmed February 16, 1933

ROLES SHINGLE CO. *v.* BERGERSON ET AL.
(19 P. (2d) 94)

*Wilber Henderson,* of Portland (I. H. Van Winkle, Attorney General, and Miles H. McKey, Assistant Attorney General, on the brief), for appellants.

*George Black, Jr.,* of Portland (Platt, Platt, Fales, Smith & Black, of Portland, on the brief), for respondent.

CAMPBELL, J. On June 24, 1924, Chas. S. Richards sustained accidental personal injuries from which he died four days later. The injury occurred in the course of his employment, and, at the time, both he and his employer were contributors to and subject to the Workman's Compensation Act.

On July 16, 1924, Bertha Bergerson, a sister of the deceased, filed in the office of the State Industrial Accident Commission a claim for compensation, alleging that she was dependent upon deceased for her support. On October 31, 1924, the Commission denied her claim and notified her thereof by letter of which she acknowledged receipt.

In February, 1926, she took an appeal from the decision of the State Industrial Accident Commission to the circuit court for Multnomah county. The circuit court found in her favor and the Industrial Accident Commission appealed to the Supreme Court where the action of the circuit court was reversed for the reason that the appeal from the State Industrial Accident Commission was not taken within 60 days as provided by law.

In 1929, the legislature of the state passed what is known as Senate Bill 174. This bill was vetoed by the governor and the legislature at its session in 1931 passed the bill over the governor's veto. Said enactment is now known as chapter 69 of the laws of Oregon for the year 1931.

The said bill, after reciting the main facts above referred to regarding the appeal and the result thereof in its preamble, enacted as follows:

"Section 1. That the state industrial accident commission of the state of Oregon be and it hereby is authorized and directed to reopen the case and claim of said Bertha Bergerson for compensation, and to give

a full hearing upon the merits thereof, and upon or after such hearing to make a final order therein, with the right of appeal of said Bertha Bergerson to the courts from such final order, in accordance with the provisions of the workman's compensation act''. Laws of 1931, Chapter 69.

Thereafter, respondent herein, a contributor to the Industrial Accident fund, instituted a suit in the circuit court of Marion county to have the aforesaid enactment declared unconstitutional and to enjoin the State Industrial Accident Commission from further proceeding in said matter. The defendant filed a demurrer to said complaint, which demurrer was overruled. Defendant refusing to plead further, a decree was entered in conformity with the prayer of the complaint. Defendant appeals.

■ The appellant first raises the question of the constitutionality of that section of the Workman's Compensation Act as it existed under the amendment of 1921, wherein it provides:

''The commission shall have full power and authority to hear and determine all questions within its jurisdiction but any beneficiary not satisfied with the decision or findings of said commission may, within sixty days after notice of the final action of such commission, appeal to the circuit court of the State of Oregon for the county in which such claimant resides. It shall be sufficient to give the circuit court jurisdiction that a notice be filed with the clerk of said court to the effect that an appeal is taken to the circuit court from the decision of the commission, the same to be signed by the party appealing or his attorney, and a copy thereof to be served by registered mail on the commission. The case thereafter shall be tried as other civil cases in said court; provided, that either party thereto may demand a jury trial upon any question

of fact, in which case it shall be tried at a regular term in said court and shall have precedence over all other cases.   *   *   *'' Laws of 1921, Chap. 311, p. 583.

This section was further amended by the Legislature at its 1925 session: Oregon Code 1930, section 49-1843. The 1925 amendment does not affect the instant case.

Appellant contends that the foregoing provision does not furnish defendant with a remedy by due course of law because the Commission is appointive. Article VII, section 1, of the Constitution of Oregon, provides:

''The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term for which they are elected''.

The State Industrial Accident Commission is not a court within the meaning of the said section. It is simply the administrative medium through which the state functions in regard to employees who are entitled to compensation for injuries received in the course of their employment under the Workman's Compensation Act. These functions are not judicial. If a claimant is dissatisfied with the action of the Commission, he may appeal to the circuit court where his case will be tried *de novo* where both parties will have full opportunity to present all their evidence, and may have a jury, if they so desire, to pass upon the questions presented. The only difference between such a case and any other case is in regard to the time in

which it must be brought to the circuit court after refusal of the Commission to make a satisfactory adjustment. This provision affects equally the claimant and the Commission.

■ We agree with learned counsel for appellant that a workman may by a valid contract substitute for his common law remedy, for injuries received in the course of his employment, the remedy provided by the Workman's Compensation Act. When he does so, he binds himself to accept it with all its conditions; but, in doing so, he does not surrender his right to the aid of a constitutional court to enforce his contract. The above quoted provision of the law, Laws of 1921, chapter 311, p. 583, simply says, in effect, to the workman under the act, "you must present your claim to the Commission and if payment is refused, or if the action of the Commission thereon is unsatisfactory, you may then present the facts to the circuit court where you will have every safeguard and protection that the constitution guarantees, including right of counsel and trial by an impartial jury".

■ The term "appeal", in the act under consideration, is not used in the restricted sense of an appeal from an inferior court to a superior court but rather in the sense of calling upon a competent court for the determination of the claim.

■ The Workman's Compensation Act has been before this court many times and nearly every one of its provisions has been subjected to careful scrutiny as to its constitutionality and, in each instance, the act was upheld. The very provision of which appellant complains has been passed upon in *Evanhoff v. State Industrial Accident Commission*, 78 Or. 503 (154 P. 106), which case was cited with approval in *Liima-*

*tainen v. State Industrial Accident Commission,* 118 Or. 260 (246 P. 241). However, the appellant is in the anomalous position of claiming that the State Industrial Accident Commission has no constitutional authority to pass upon appellant's claim, but asks that the claim be sent back to the same Commission for adjustment in the same manner.

There are other serious constitutional objections to chapter 69 of the laws of 1931, above quoted.

"Since the legislature does not possess and may not assume the exercise of judicial power, it cannot interfere in any way with pending judicial controversies. Therefore the legislature cannot annul or set aside the final judgment of a court of competent jurisdiction, or take particular cases out of a settled course of judicial proceedings, or grant a rehearing or appeal after the parties to a final judgment have lost the right to any further hearing, or set aside the judgments of courts, or revive judgments which have expired, or grant new trials, or order the discharge of offenders, or require that a certain deposition shall be read in the trial of a cause then pending, or provide for the sale of a decedent's land without notice to the heirs, and for the application of the proceeds to certain claims, or direct the steps which shall be taken in the progress of a judicial inquiry. The result of any other rule would be seriously to interfere with the discretion and independence of the judiciary". 6 R. C. L., § 163, p. 162.

The decisions are almost unanimous in support of the text.

Such legislation is repugnant to the principles of "checks and balances" on which the governments of the state and nation are founded. *Mccartney v. Shipherd,* 60 Or. 133 (117 P. 814, Ann. Cas. 1913D, 1257).

"No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon

the same terms, shall not equally belong to all citizens''. Constitution of Oregon, Article I, § 20.

This section of the constitution has been before the court many times and in many different phases but the reasoning and logic of all the decisions are against the validity of such legislation. The law of 1931, herein complained of, attempts to confer the special privilege upon the appellant to have her claim adjudicated in a way not given to any other litigant.

If the legislature has authority to pass such an act regarding individual claims against the State Industrial Accident Commission, would it not have the same right in regard to any other litigation before the courts?

Taking this view of the law, the other questions presented in the briefs become immaterial and unnecessary.

The decree of the circuit court is affirmed.

RAND, C. J., BEAN and ROSSMAN, JJ., concur.