Argued January 20, affirmed February 17, 1954

# CONLEY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

266 P. 2d 1061

*C. S. Emmons,* of Albany, argued the cause for appellant. On the brief were Willis, Kyle & Emmons, of Albany.

*Ray H. Lafky,* Assistant Attorney General, of Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, of Salem, Roy K. Terry, Assistant Attorney General, of Portland, T. Walter Gillard and Vernon Gleaves, Assistant Attorneys General, of Salem.

PERRY, J.

The plaintiff suffered an injury while working for a contracting firm replacing sidewalks on the Oregon State College Campus. The State Industrial Accident Commission denied his claim upon the basis that the claimant had not suffered an injury by accident. Within the 60 days required by statute the plaintiff filed his application setting forth in full detail the grounds upon which he considered the order unlawful and included therein every issue necessary for the commission to adjudicate fully his claim. The application for a rehearing being denied, an appeal was had to the circuit court. A jury trial was had, and the jury determined by a special finding that the injury suffered by the plaintiff was not an accidental injury within the meaning of the Workmen's Compensation Act.

During the trial of this cause the court limited the issue to the one question of whether or not there had been an accidental injury arising out of and in the course of the plaintiff's employment. Prejudicial error is predicated upon this ruling.

ORS 656.284 provides "that any claimant aggrieved by any order, decision or award" shall file with the commission an application for a rehearing before an appeal to a circuit court.

ORS 656.288 provides that the claimant may only raise on appeal such issues of law or facts as were properly included in his application for rehearing.

■ It is clear from these two provisions of statute that all issues raised in his application for rehearing are in effect triable de novo, so that "(1) If the court determines that the commission has acted within its power and has correctly construed the law and facts, the decision of the commission shall be confirmed; otherwise, it shall be reversed or modified. * * *" and "(2) In case of a modification or reversal, the circuit court shall refer the decision back to the commission with an order directing it to fix the compensation in accordance with the findings made by the court". ORS 656.290.

In *Roles Shingle Co. v. Bergerson*, 142 Or 131, 135, 19 P2d 94, it is stated:

> "The term 'appeal', in the act under consideration, is not used in the restricted sense of an appeal from an inferior court to a superior court but rather in the sense of calling upon a competent court for the determination of the claim."

The above statement being reaffirmed in *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 608, 195 P2d 188.

■ The evidence offered by the plaintiff and excluded by the court has been carefully scrutinized. This evidence refers to the extent of the injury suffered, not to its cause; and raises an issue as to the measure of compensation to be paid the plaintiff should the jury determine that the injury suffered was accidental

within the meaning of that term as applied to the Workmen's Compensation Act. While the evidence excluded was material to a full and final determination of all of the issues to be determined, this evidence became immaterial when the jury found that the injury was not accidental within the meaning of the Act, and, therefore, no reversible error was committed by the trial court.

The plaintiff also complains of the court's refusal to grant a new trial as the verdict is contrary to the weight of the evidence and not supported thereby.

We have carefully considered the evidence which did raise a question of fact from which the jury could have determined either that the plaintiff suffered an accident within the meaning of the act or that he did not.

■ When it cannot be said that reasonable minds would reach but one conclusion from the facts adduced, a court is not at liberty to disturb the verdict of a jury.

The judgment of the trial court is affirmed.