Argued December 1, affirmed December 22, 1965

# BURKHOLDER *v.* STATE INDUSTRIAL
# ACCIDENT COMMISSION

409 P. 2d 342

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Frank B. Reid* and *William A. Babcock* argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry,* Sloan, Goodwin, Denecke and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

Defendant accident commission appeals from a judgment entered upon a jury verdict holding plaintiff entitled to medical benefits and compensation for injury. The defendant accident commission makes two assignments of error; first, that the court erred in denying the defendant's motion for judgment on the pleadings, and second, that the court did not have jurisdiction of the cause of action.

On July 24th, 1963, the defendant commission mailed to plaintiff its final order denying plaintiff's application on rehearing. On August 8, 1963, acting in accordance with the provisions of ORS 656.286 (1),① plaintiff filed a complaint against the commission in the Lane county circuit court. The case came on for trial on February 5, 1964, and on February 6, 1964 an order of involuntary nonsuit was entered. Plaintiff then filed a new complaint on March 11, 1964, and on March 27, 1964 the defendant commission filed its answer which contained what purported to be an affirmative defense. The affirmative defense read, "Defendant alleges that the above entitled cause

---

* Perry, J., did not participate in this decision.

① "(1) Within 30 days after a copy of the final order of the commission upon the application for rehearing has been mailed or within 30 days after rehearing is deemed denied under ORS 656.284, the claimant may appeal to the circuit court for the county in which the accident occurred or, if the accident occurred outside of this state, to the circuit court of the last county of this state through which the workman passed in leaving this state. If the only question of fact in such appeal is the amount of compensation payable to the plaintiff, the appeal may be filed in the county in which the plaintiff resides."

of action has not been filed and commenced within the time prescribed by ORS 656.286 (1)."

On May 29, 1964, defendant filed a motion for judgment on the pleadings on the ground that the plaintiff had failed to reply to the affirmative defense. On June 1, 1964, plaintiff filed a reply which was simply a denial of the affirmative defense. The motion for judgment on the pleadings came on for hearing on June 9, 1964, at which time the trial court entered an order which read in pertinent part, "It appearing to the court that a reply has now been filed herein, IT IS * * * ORDERED that said motion be, and the same hereby is, denied."

Even if we assume, arguendo, that the defendant's affirmative defense, rather than a mere conclusion of law, was a proper pleading of new matter constituting a defense so as to require a reply under the provisions of ORS 16.240,[2] the first assignment of error has no merit.

> "The court may in its discretion allow a reply to be made after the time limited by the procedural statutes. ORS 16.050. Under ORS 16.660, the court is admonished to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." *Hogan v. Alum. Lock Shingle Corp.*, 214 Or 218, 229, 329 P2d 271.

Defendant appears to be arguing that because the court did not affirmatively state in its order that it recognized it had discretionary powers under ORS

---

[2] "When the answer contains new matter constituting a defense * * * the plaintiff may reply to such new matter * * * denying generally or specifically each allegation controverted by him * * *."

16.050,[9] it must be held that the court did not exercise discretion. Nothing in the order so indicates. A trial judge is not required to give litigants detailed statements of reasons for his rulings. The court's ruling denying the motion for judgment on the pleadings not only was manifestly proper, but in view of our holding in *Hogan v. Alum. Lock Shingle Corp.*, supra, a contrary ruling under the circumstances here might well have been error.

 The essence of defendant's second assignment of error, challenging jurisdiction, is that the judgment of nonsuit entered on February 6, 1964, barred the plaintiff from filing another complaint because such filing would necessarily come more than 30 days after July 24, 1964, the date defendant's final order was mailed.

ORS 18.250 provides:

> "When a judgment of nonsuit is given the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause."

ORS 12.220 provides in pertinent part:

> "* * * [I]f an action is commenced within the time prescribed * * * and the action is dismissed upon the trial thereof * * * the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal * * * *"

Defendant contends that these statutes have no application because ORS 656.286, in requiring that a workman file an action against the commission in the circuit court within 30 days after the final rejection of

---

[9] "The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by the procedural statutes, or by an order enlarge such time."

his claim by the commission, reads, "the claimant may *appeal* to the circuit court." (Emphasis supplied). The defendant commission argues that the word "appeal" has a single fixed legal meaning—an appeal from an inferior court to a superior court; and that, the circuit court's jurisdiction under ORS 656.286 (1) being "appellate," ORS 18.250 and ORS 12.220 have no application.

> "\* \* \* The word 'appeal' has 'no absolutely fixed and definite meaning' \* \* \*. *Nash v. City of Glen Elder,* 74 Kans. 756, 88 P. 62." *Broughton's Est. v. Central Or. Irr. Dist.,* 165 Or 435, 460, 101 P2d 425, 108 P2d 276.

The word "appeal" as used in ORS 656.286 is not there used in the sense of providing an appeal from an inferior to a superior court. As this court pointed out in *Tice v. State Ind. Acc. Comm.,* 183 Or 593, 608, 195 P2d 188:

> "The appeal for which the statute provides is not an appeal in the conventional sense. 'The term "appeal", in the act under consideration, is not used in the restricted sense of an appeal from an inferior court to a superior court but rather in the sense of calling upon a competent court for determination of the claim.' *Roles Shingle Co. v. Bergerson,* 142 Or. 131, 135, 19 P.(2d) 94. In substance the procedure does not differ materially from that in other jurisdictions where provision is made for bringing suit to set aside the decision of the board or commission. See, e.g., Texas Rev. Civ. Stat. (1925), Art. 8397, § 5."

The proceedings authorized by ORS 656.286 et seq. have more of the characteristics of original actions at law than they do of appeals from one judicial tribunal to another. Pleading is the same as in other

actions of original jurisdiction. ORS 656.288 (2).[4] *Coblentz v. State Ind. Acc. Com.*, 203 Or 258, 263, 279 P2d 503. The case is tried de novo and all matters of fact and law are decided anew, subject only to the limitation that all issues must have been raised in the application for rehearing. *Roles Shingle Co. v. Bergerson*, supra at 134. The rules covering the burden of proof and the introduction and admissibility of evidence are the same as in any other action. *Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 322, 306 P2d 398. Findings of the jury or the court in the trial of the case are binding as in all other actions at law. ORS 656.288 (3).[5] *Conley v. State Ind. Acc. Com.*, 200 Or 474, 266 P2d 1061; *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 185 P2d 891; *Parker v. S.I.A.C.*, 242 Or 78, 408 P2d 94.

■■ The defendant cites a Washington case, *Maddox v. Industrial Insurance Comm. of Washington*, 113 Wash 137, 193 P 231 as being analagous to the case at hand. The Washington act is dissimilar to Oregon's compensation act and does not contain provisions comparable to ORS 656.288 which equate circuit court proceedings in workmen's compensation cases with actions at law. The definition of "appeal" that the defendant urges is harsh and restrictive since in most actions brought under ORS 656.286 it would be manifestly impossible for a new complaint coming after a judgment of nonsuit to be filed within 30 days of the commission's final order of rejection. We adhere to our hold-

---

[4] "(2) The appeal shall be perfected by filing with the clerk of the court a complaint, as provided in civil actions at law * * *."

[5] "The case thereafter shall proceed as other civil cases in the court; provided, that either party thereto may demand a jury trial upon any question of fact. * * *"

ing in *Lamm v. Silver Falls Tbr. Co.*, 133 Or 468, 277 P 91, 286 P 527, 291 P 375, that the Workmen's Compensation Law is to be liberally construed in favor of the workman.

■ Lastly, the defendant argues that unless we construe ORS 656.288 (3) as meaning nothing more than an application of the rules of civil procedure to an "appellate" review by the circuit court, we will be ignoring ORS 656.292 since ORS 656.292 specifically gives a right of appeal from the circuit court to the supreme court in workmen's compensation cases and would be unnecessary if ORS 656.288 is construed to mean that a case such as this has the attributes of an action at law as distinguished from a judicial appeal.

An examination of ORS 656.292 refutes this conclusion. It reads:

"(1) Appeals may be taken from the judgment of the circuit court as in other cases.

"(2) In case of an appeal by the commission from an adverse decision of the circuit court, if the judgment of the circuit court is affirmed, the claimant shall be allowed attorneys' fees, to be fixed by the court, in addition to the compensation."

Clearly, the purpose of this statute was to allow a workman an attorney fee in addition to compensation if the commission imposed upon the workman the burden of defending what proved to be an unwarranted appeal from the circuit to the supreme court.

The judgment of the trial court is affirmed. In accordance with the provisions of ORS 656.292, plaintiff is allowed attorneys' fees in the sum of $450.00.