Argued and submitted July 2, affirmed November 3, 1993

U S WEST COMMUNICATIONS, INC.,
formerly Pacific Northwest Bell Communications, Inc.,
*Appellant,*

*v.*

Ron EACHUS,
Joan Smith and Roger Hamilton,
*Respondents,*

*and*

CITIZENS' UTILITY BOARD,
*Intervenor-Respondent.*

(92C-11645; CA A77629)

862 P2d 102

Charles L. Best argued the cause and filed the briefs for appellant.

Harrison Latto, Assistant Attorney General, argued the cause for respondents Ron Eachus, Joan Smith and Roger Hamilton. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by intervenor-respondent Citizens' Utility Board.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a judgment dismissing its action to set aside an order of the Public Utility Commission (PUC). The court held that the proceeding was not filed timely pursuant to ORS 756.580[1] and dismissed it. ORCP 21A(9). We affirm.

In August, 1989, the PUC issued order No. 89-1044 concerning a contract between plaintiff and another corporation. Plaintiff timely brought an action to vacate that order in the Multnomah County Circuit Court. That court decided the issues on their merits and affirmed the PUC order in all but one particular. Plaintiff appealed the judgment, and we remanded with instructions to dismiss, because the Multnomah County Circuit Court lacked subject matter jurisdiction. *See* ORS 756.580(2); *Pacific Northwest Bell Telephone Co. v. Eachus*, 111 Or App 551, 826 P2d 105, *rev den* 313 Or 299 (1992). Plaintiff then filed this proceeding in the Marion County Circuit Court to vacate the PUC order. Although the

---

[1] ORS 756.580 provides, in part:

"(1) A party to any proceeding before the commission, when aggrieved by any findings of fact, conclusions of law or order, including the dismissal of any complaint or application by the commission, may prosecute a suit against the commission to modify, vacate or set aside such findings of fact, conclusions of law and order.

"(2) Such suit may be commenced by any party so aggrieved in the Circuit Court for Marion County, in the circuit court for the county in which any hearing has been held in the proceeding in which the order was made, or in the circuit court for the county in which is located the principal office of any defendant in any such proceeding before the commission, and jurisdiction of any such suit hereby is conferred upon the circuit court for any of such counties to hear and determine such suit.

"(3) In such suit, a copy of the complaint shall be served with the summons. The commission shall serve and file an answer to such complaint within 10 days after the service thereof, whereupon the suit shall be at issue and stand ready for trial upon 10 days' notice by either party. All suits brought under this section shall have precedence over any civil cause of a different nature pending in the court, and the circuit court always shall be open for the trial thereof.

"(4) Unless application is made for rehearing or reconsideration of the order, any such suit must be commenced within 60 days after the date of service of the order in the proceeding before the commission. If application for rehearing or reconsideration is made, such suit must be commenced within 60 days after the date of service of the order denying rehearing or reconsideration or the date of service of the new order if rehearing or reconsideration is granted. If an order granting or denying an application for rehearing or reconsideration has not been made by the 60th day after the filing of the application, an order denying the application shall be considered served on the 61st day after such filing."

proceeding was commenced after the sixty day time limit set by ORS 756.580, plaintiff argued that ORS 12.220 applied and, therefore, it was timely filed. The trial court disagreed and dismissed the action.

■ The trial court's ruling is correct unless ORS 12.220 extends the time for the filing of the action. It provides, in part:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal[.]"

■■ The threshold issue is whether a complaint filed in circuit court under ORS 756.580 is an "action" within the meaning of ORS 12.220. In construing statutes, our task is to discern the intent of the legislature. ORS 174.020. In *State v. Trenary*, 316 Or 172, 175, 850 P2d 356 (1993), the court set out the template to follow in ascertaining legislative intent. The starting point of the analysis is with the text and context of the statute, to ascertain what is contained therein. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). If that language has been interpreted previously by the Supreme Court, then the rule of *stare decisis* is implicated and that interpretation becomes a part of the statute as if it had been originally written into it. *State v. Clevenger*, 297 Or 234, 244, 683 P2d 1360 (1984).

In *Burkholder v. S.I.A.C.*, 242 Or 276, 409 P2d 342 (1965), the court considered whether, after a judgment of nonsuit arising out of a denial of benefits by the State Accident Commission, ORS 12.220 extended the time for filing another complaint in circuit court. If it did not, then the plaintiff's recourse to circuit court was barred. The defendant contended that ORS 12.220 was inapplicable, because the circuit court's jurisdiction under *former* ORS 656.286 (*repealed by* Or Laws 1966, ch 285, § 95) was "appellate."[2] The court held for the plaintiff, reasoning that the circuit court's jurisdiction under *former* ORS 656.286 was original

---

[2] *Former* ORS 656.286(1) provided in essence that an injured worker may "appeal" to the circuit court within 30 days after the commission's final order.

in nature. Therefore, ORS 12.220 extended the time for filing another complaint. The court could not have reached that conclusion unless it deemed ORS 12.220 to apply only to original proceedings and not to appeals. Therefore, we must decide whether the nature of the proceeding under ORS 756.580 is an "original action" or is in the nature of an appeal.

In *Burkholder*, the court, in considering the applicability of ORS 12.220 to the statute, noted that, under an earlier construction of *former* ORS 656.286, the word "appeal" was "not there used in the sense of providing an appeal from an inferior to a superior court." Moreover, the court noted that the proceedings authorized by the statute had "more of the characteristics of original actions at law than they do of appeals from one judicial tribunal to another," including comparable pleadings, trial *de novo*, comparable rules of evidence and proof burdens, and jury or court findings that are as binding as in other actions at law. *Burkholder v. S.I.A.C., supra*, 242 Or at 281.

The proceeding in circuit court under ORS 756.580 is different from a typical civil case. The Supreme Court has referred to the proceeding as an "appellate review procedure," and as a "judicial review." *See Mitchell Bros. Trk. Lines v. Hill*, 227 Or 474, 480, 363 P2d 49 (1961); *Dickinson v. Davis*, 277 Or 665, 669, 561 P2d 1019 (1977). Moreover, in considering the scope of the court's review under ORS 756.580, the court has said that

> "a party seeking to overturn findings of fact of the Commissioner has a heavy burden because of the unusual statutory scheme governing that agency. This court noted in *Dickinson v. Davis*, 277 Or 665, 561 P2d 1019 (1977), that the combined effect of ORS 756.594 and 756.598 requires an aggrieved party not only to show by clear and satisfactory evidence that the Commissioner's order is unreasonable or unlawful but also that any challenged findings contained therein are not supported by substantial evidence. 277 Or at 669. A plaintiff is further hindered by the requirement that the evidence is limited, with few exceptions, to that developed in the administrative record." *Market Transport v. Maudlin*, 301 Or 727, 733, 725 P2d 914 (1986).

*See* ORS 756.594; ORS 756.598.[3] We conclude that the proceedings authorized by ORS 756.580 have more of the characteristics of appeals from one tribunal to another than they do of original actions. Therefore, we hold that the proceeding in circuit court was not an original proceeding or action for the purposes of ORS 12.220.

In summary, ORS 12.220 contemplates that an "original action" can be refiled when dismissed at trial or on appeal, after the time limited for bringing a new action. Because the proceeding in circuit court was not an original action but was an appeal, the statute is inapplicable. The trial court was correct when it ruled that the proceeding filed in Marion County was time barred.

Affirmed.

---

[3] ORS 756.594 provides:

"In any suit referred to in ORS 756.580, the burden of proof is upon the party seeking to modify, vacate or set aside findings of fact, conclusions of law or the order to show by clear and satisfactory evidence that the order is unreasonable or unlawful."

ORS 756.598 provides:

"(1) Court review of any findings of fact, conclusions of law or order referred to in ORS 756.580, shall be conducted by the court without a jury, but the court shall not substitute its judgment for that of the commission as to any finding of fact supported by substantial evidence. The review shall be confined to the record and no additional evidence shall be received except as provided in ORS 756.600 or except to show alleged irregularities in procedure before the commission not shown in the record. The court may affirm, modify, reverse or remand the order.

"(2) Errors in procedure shall not be cause for reversal or remand unless the court finds that substantial rights of the plaintiff were prejudiced thereby. In the case of a modification or reversal the court shall make special findings of fact based upon evidence in the record and conclusions of law indicating clearly all respects in which the commission's order is erroneous."