This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF THE ESTATE**
**OF RISDON F. MITCHELL, Deceased.**

**and concerning**

**MARY ANN MITCHELL-CARR,**

    **Movant-Appellant,**

v.                                        **NO.** 29,706

**JOBY WALLACE, LAWRENCE MITCHELL,**
**CO-REPRESENTATIVES OF THE ESTATE OF**
**RISDON F. MITCHELL AND THE ANNIE PEARL**
**MITCHELL AND RISDON F. MITCHELL TRUST,**

    Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Mary Ann Mitchell-Carr
Pro Se Appellant

Hurley, Toevs, Styles, Hamblin & Panter, PA
Randolph Hamblin
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Mary Ann Mitchell-Carr (Appellant) appeals pro se from the district court's order denying her motions for an accounting, preliminary injunction, and stay of proceedings. [DS 1; RP 487] We issued a calendar notice proposing to dismiss for lack of standing. Appellant has filed a timely memorandum in opposition. Remaining unpersuaded, we dismiss the appeal for lack of standing.

In our notice we proposed to dismiss for lack of standing because the district court found and the record shows, that Appellant has no interest in the estate of Risdon F. Mitchell, deceased ("Estate") or in the Risdon F. Mitchell and Annie Pearl Mitchell Family Trust ("Trust"). [RP 231-236] On January 11, 2007, Respondents, the co-personal representatives of the Estate and co-trustees of the Trust, filed a petition for declaration of rights requesting that Appellant no longer be considered a beneficiary of the Estate or the Trust ("Petition"). [RP 207] They noted that Risdon F. Mitchell and Annie Pearl Mitchell had executed a joint and mutual will contractually obligating each of them and their estates to create and fund the Trust with all of the assets of their respective estates and naming Respondents as co-trustees of the Trust. [RP 205 ¶ 1] They noted that Appellant had continuously and flagrantly

2

acted in contravention of court orders regarding supervision of the estate and administration of the trust. [RP 207] They noted that Appellant had wrongfully taken estate and trust assets and caused damage and loss to the estate. [RP 207] Respondents requested that the court conduct a hearing and then enter an order specifically excluding Appellant as a beneficiary of the Estate and concluding that Respondents had no further obligation toward her as either co-personal representatives or co-trustees. [RP 207, 212-213]

The district court conducted a hearing on February 2, 2007, [RP 217] and then entered an Order Determining Interest in the Annie Pearl Mitchell and Risdon F. Mitchell Trust, on February 26, 2007 (the "2/26/07 Order"). [RP 231] In the 2/26/07 Order, the court noted that sufficient notice was provided to the Trust beneficiaries and interested parties pursuant to NMSA 1978, §§ 45-1-401(A) (1975) and 46A-1-109 (2003), and no Trust beneficiary or interested party had objected to the relief requested. [RP 231] As to Appellant, the court found that she continuously and flagrantly acted in contravention of the court's orders, that she had wrongfully taken estate and trust assets and refused to return them, and she had caused loss to the estate. [RP 234] The court further found that her actions constituted a de facto challenge to the will and that there was no probable cause or reasonable basis for her actions in opposing and contesting material provisions of the will and trust. [RP 234-35] The court also found that Appellant had failed to purge herself of her adjudicated contempt

3

because she failed to return estate and trust assets as ordered by the court. [RP 235] The court found that under the provisions of the will, Appellant had forfeited any beneficial interest in the assets of the estate and the trust, and was entitled to receive only the sum of one hundred dollars. [RP 234] The court found that Appellant should be removed as a trust beneficiary under the court's equitable power for her flagrant and continuing violation of the court's orders. [RP 235] Finally, the court ordered that Appellant is not a beneficiary of the Estate or Trust and Respondents "are relieved of any further fiduciary obligations to her whatsoever." [RP 236 ¶ 2]

In our notice proposing to dismiss, we observed that Appellant never appealed from the 2/26/07 Order. Our cases have recognized that each petition in a probate action is considered an independent proceeding such that an order disposing of all matters raised in the petition should be considered a final, appealable order. *See In re Estate of Boyer*, 117 N.M. 74, 77-78, 868 P.2d 1299, 1302-03 (Ct. App. 1994); *In re Estate of Newalla*, 114 N.M. 290, 294, 837 P.2d 1373, 1377 (Ct. App. 1992). Therefore, any appeal from the 2/26/07 Order needed to be filed by March 28, 2007, in order to be timely. *See* Rule 12-201(A) NMRA. As Appellant never appealed the 2/26/07 Order, she is bound by its terms and can no longer challenge the findings and conclusions included therein. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (stating that compliance with notice of appeal time and place requirements are mandatory preconditions to the exercise of appellate jurisdiction).

Based upon the language of the 2/26/07 Order and Appellant's failure to appeal that order, we proposed to hold that Appellant has no standing to challenge any proceedings concerning the Estate and Trust and is specifically prohibited from doing so by the terms of the 2/26/07 Order.

In her memorandum in opposition, Appellant claims that she was never served with notice of the hearing on February 2, 2007, was never served with the 2/26/07 Order, and never received the one hundred dollars. [MIO 2-3] We are not persuaded. Appellant's motions for an accounting, preliminary injunction, and stay of proceedings make no mention of this alleged lack of notice and service. [RP461-469] Additionally, there is nothing in the record indicating that Appellant raised these issues before the district court. [RP 487-489] Therefore, we will not consider them on appeal. *See Campos Enters., Inc. v. Edwind K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that an appellate court reviews only matters that were presented to the trial court).

For the foregoing reasons, as well as those set forth in our notice of proposed disposition, we dismiss this appeal.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

5

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**LINDA M. VANZI, Judge**