Argued September 18, 1969, reversed and remanded
February 5, 1970

SATTERFIELD, *Appellant, v.*
STATE COMPENSATION DEPARTMENT,
*Respondent.*
465 P. 2d 239

*Donald S. Richardson,* Portland, and *Robert D. Herndon,* Gladstone, argued the cause for appellant. With them on the briefs were Green, Richardson, Griswold & Murphy, Portland, and Phil H. Ringle, Jr., Gladstone.

*Clayton Hess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Chief Counsel, Salem.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FOLEY, J.

This is an appeal from a circuit court judgment denying plaintiff's claim for compensation for an injury allegedly suffered by claimant in an accident on January 3, 1967, while working in employment covered by the Workmen's Compensation Law. The hearing officer allowed the claim. The Workmen's Compensation Board reversed the hearing officer, the circuit court affirmed the board and the claimant appeals.

The claimant convinced the hearing officer that

he was injured in an unwitnessed industrial accident on January 3, 1967, while employed by Burns Bros. ReCap Service in Portland. His claim was filed on February 24, 1967, 22 days later than the 30 days prescribed by statute. Since the claim was based principally on claimant's own testimony, his truthfulness was attacked at the hearing by attempting to impeach him with other witnesses and evidence of his criminal record. The hearing officer also held a supplemental hearing a week later in which he heard further testimony relative to claimant's truthfulness.[1] After this hearing the hearing officer concluded that claimant was truthful and that the claimed accidental injury in the course of employment on January 3, 1967, did in fact occur.

The hearing officer also found that the employer was not prejudiced by the 22-day delay in receiving notice of accidental injury and he further stated: "* * * an allegation of prejudice by the employer requires the employer to come forward with proof of that allegation * * *." Both the Workmen's Compensation Board and the circuit court disagreed with the hearing officer's determination of compensable injury,[2] and also his placing upon the employer the burden of showing prejudice by reason of the late notice.

Whether claimant proved a compensable injury is a fact question turning largely on the truthfulness of the claimant. There was no recitation of any circumstance rendering inherently improbable the happening of the accident in the manner he described. The hearing officer is the one who heard and saw the witnesses

---

[1] This testimony did not relate to whether an accident occurred.

[2] "A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability * * *." ORS 656.002 (6).

and could note their demeanor and candor or lack thereof. A cold observation of the record falls far short of personal observation.

■ *Romero v. Compensation Department*, 250 Or 368, 440 P2d 866 (1968), holds that considerable weight must be given to the conclusions of the hearing officer. In that case, in connection with a factual determination of disability, our Supreme Court said:

> "* * * In this subjective area the opportunity to observe the claimant and the other witnesses is of prime importance. The Hearing Officer is in a position to make this observation and we are not * * *." 250 Or at 372.

In *Moore v. U. S. Plywood Corp.*, 1 Or App 343, 462 P2d 453 (1969), where credibility of the claimant was the crucial issue, this court in denying compensation said:

> "* * * [F]or the same reasons we give weight to the findings of the trial judge on the issue of credibility in cases where he sees and hears the witnesses, we give weight to the findings of the hearing officer on the matter of credibility of witnesses in appeals under the Workmen's Compensation Law."

We hold that the hearing officer's finding of a compensable injury should be sustained.

The other question presented in this appeal is upon whom should the burden be placed to show that the employer was or was not prejudiced by the late filing of notice of compensable injury. This issue has not been decided previously by this court, nor have we had cited to us or been able to discover any cases on this point decided by the Oregon Supreme Court.

■■ The Oregon statutes give no guidance on this

528

issue, and an examination of the law in other states has not been helpful. ORS 656.265(4) is the applicable statute. It states, in part:

> "Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:
> "(a) * * * the department or direct responsibility employer has not been prejudiced by failure to receive the notice * * *."

This statute then, says that a late filing is excused when the employer has not been prejudiced by failure to receive notice within the 30-day filing period. Prejudice to the employer can result from the passage of time alone. Also witnesses are mobile and their memories dim with the passage of time. Frequently prompt medical attention might reduce the consequence of the injury. From the foregoing it can be seen that a persuasive argument can be made that the burden should be on the employe to prove lack of prejudice. It is his obligation to establish his claim, *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968), and he is the one who failed to timely file his claim.

On the other hand, employers are generally better educated, financially in a better position, and more resourceful than their employes. They usually are better able to interview their own employes and come forward with evidence to establish prejudice. To require the employe to carry the burden on the issue of whether or not the employer is prejudiced by the late filing requires the employe to prove a negative. In addition it is a basic guideline in compensation cases that workmen's compensation statutes are to be construed liberally in favor of compensation. *Jordan v. Western Electric Co.*, 1 Or App 441, 463 P2d 598 (1970); *Burkholder v. S.I.A.C.*, 242 Or 276, 409 P2d

342 (1965); *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 195 P2d 188 (1948). We believe the arguments placing the burden on the employer are, on balance, more persuasive. In this case defendant offered no evidence whatever in support of a claim that it had been prejudiced and we hold that plaintiff's failure to file notice within 30 days was excused pursuant to ORS 656.265 (4).

The judgment of the circuit court is reversed and the case is remanded for entry of appropriate orders resulting in reinstatement of the decision of the hearing officer.

Attorney fees of $600 are allowed claimant in this court.

Reversed and remanded.

FORT, J., dissenting.

I dissent from that portion of the court's opinion which holds that under ORS 656.265(4)(a) the burden of proof is upon the employer to show prejudice. The problem is one of statutory construction.

In a workman's compensation case the burden to prove his claim is, as the court holds, on the claimant. Such has always been the Oregon rule. *Larson v. State Ind. Acc. Com.*, 209 Or 389, 307 P2d 314 (1957). Such is still the rule under the present Act. *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968). I can find no language in ORS 656.265(4)(a), nor elsewhere in the Act, which, fairly construed, purports to change this burden, as the court does here.

It is helpful in construing the section in question to examine its relevant parts. ORS 656.265 states:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the work-

man or his dependent to the employer, but not later than 30 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"*  *  *  *  *

"(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the department or direct responsibility employer has not been prejudiced by failure to receive the notice; or

"(b) The department or direct responsibility employer has begun payments as required under ORS 656.001 to 656.794; or

"(c) The notice is given within one year after the date of the accident and the workman or his beneficiaries establish in a hearing he had good cause for failure to give notice within 30 days after the accident.

"*  *  *  *  *"

The first clause of subsection (a), which the majority omits, states that a claim is barred unless "The contributing employer  *  *  *  had knowledge of the injury or death  *  *  *." Presumably if the burden is on the employer under the second clause, as the court here holds, it is likewise on him under the first. Certainly no reason is advanced which can support construing the statute as placing the burden of proof on one party under the first clause of subsection (a) and on the other party under the second clause of subsection (a). This, then, would require the employer to prove that he did not have such knowledge—a negative. Yet a primary reason advanced by the court in support of shifting the burden to the employer under the second clause is that to do otherwise requires the employe to prove a negative.

If that is not to be the rule, however, the logical alternative is to say that the legislature intended in subsection (a) to place the burden of proof on the employe under the first clause and on the employer under the second clause. I can find nothing in the statute, let alone in subsection (a), to support a construction so gerrymandered that it says the burden of proof is on the employe as to one-half of subsection (a) and on the employer on the other, in the absence of a clearly expressed legislative mandate. I do not agree that the general guideline that workmen's compensation statutes are to be liberally construed in favor of the workman justifies this court to shift the burden of proof from the employe to the employer or to the board under subsection (a).

Finally, it is clear that subsection (c) of ORS 656.265(4) places the burden of proof on the claimant to establish he had "good cause for failure to give notice" within the 30-day period.

The court here effectively emasculates this section of the Act—and the burden of the employe thereunder—by first requiring the employer in any case where the notice was not filed within 30 days as required by ORS 656.265(1) to demonstrate affirmatively that he has been prejudiced thereby. Only then, it seems to me, would the employe, under the rule here adopted, have any burden to "establish in a hearing he had good cause for failure to give notice within 30 days after the accident" as ORS 656.265(4)(c) requires.

Read together, I am persuaded the legislature said that a workman must file within 30 days of the injury or death unless, under (c), he shows good cause for not doing so, including as a part thereof the obligation to show either that the employer in fact knew of the

injury, as, for example, by the making of payments mentioned in (4)(b), or has not been prejudiced by the workman's failure to file within the time provided.

I do not believe that we have the right, however appealing the reasons may be, to adopt a construction of a statute which is clearly at variance with the expressed intention of the legislature.