Argued September 22, affirmed November 2, 1970

WILSON, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*
475 P2d 992

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Allen T. Murphy, Jr.,* Portland, argued the cause for respondent. With him on the brief were Green, Richardson, Griswold & Murphy, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is a workmen's compensation case. The issue is whether claimant is barred from compensation by failure to file his claim within the 30-day period provided by ORS 656.265.

Claimant, a 40-year-old married male, resides in Lafayette, Oregon. A truck driver by occupation, he was employed in May 1967 by a Boise, Idaho, corporation to haul house trailers to various points within the states of Oregon, Idaho, Nevada and Washington. On November 3, 1967, he injured his back while engaged in picking up a house trailer for his employer near Randle, Washington. He did not seek medical assistance until November 14, 1967, when he visited Dr. Ralph M. Failor, a chiropractor in McMinnville, Oregon. Dr. Failor had previously (1966) treated him for a back injury from which he had completely recovered. Either on November 14, or during a subsequent visit on November 21, claimant reported to Dr. Failor that he had fallen from a trailer roof. During his course of treatment by Dr. Failor, he did not tell the doctor that this was an industrial accident until March 25, 1968,

just short of five months after the accident. The claim was actually filed on May 2, 1968. The Boise employer reported that it first learned of the accident when "he [claimant] telephoned us in late March or early April [1968]." Claimant testified that he notified his employer's Boise office of the accident prior to December 1967, and explained that he had not earlier discussed with his doctor the filing of a compensation claim because, since he was working outside the State of Oregon, he did not believe he would be covered under the Oregon compensation law.

The claim was denied by the State Compensation Department. A hearing was requested and the hearing officer found that claimant did not have good cause for failure to give notice within the required 30 days and denied his claim. He appealed the hearing officer's ruling and the Workmen's Compensation Board found that claimant was not a workman subject to the Oregon law and denied his claim. The claimant again appealed, and the circuit court found that he was a workman subject to the Oregon Workmen's Compensation Law and that he had established the requisite good cause for failure to give notice within the 30-day period pursuant to ORS 656.265 (4)(c).

ORS 656.265 (4) provides:

"Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the fund or direct responsibility employer has not been prejudiced by failure to receive the notice; or

"(b) The fund or direct responsibility employer has begun payments as required under ORS 656.001 to 656.794; or

"(c) The notice is given within one year after the date of the accident and the workman or his beneficiaries establish in a hearing he had good cause for failure to give notice within 30 days after the accident."

It is to be noted that paragraphs (a), (b) and (c) are independent of each other and a claim will not be barred if any one of these paragraphs is satisfied. Therefore, if "(c) The notice is given within one year after the date of the accident and the workman * * * establish[es] in a hearing he had good cause for failure to give notice within 30 days after the accident," then subsection (4)(a) regarding prejudice to the employer, which we discussed in *Satterfield v. State Comp. Dept.,*[1] has no application.

■■ Whether claimant had good cause for failure to file within the statutory time is a factual question the answer to which depends upon the circumstances of each case. Workman Compensation Practice in Oregon 91, § 8.25 (1968). Claimant has the burden of establishing it. *Satterfield,* supra; *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968). The hearing officer found that because claimant had suffered prior industrial accidents, he must have had some awareness of the requirements of the Workmen's Compensation Law; that claimant was not diligent in pursuing other possibilities of industrial coverage such as workmen's compensation in Idaho, or a private insurer; and that, for these reasons, claimant did not have "good cause." The circuit court found otherwise. We review de novo. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 91 Adv Sh 903, 476 P2d 931 (1970) Sup Ct *review denied* (1971).

---

[1] Satterfield v. State Comp. Dept., 1 Or App 524, 465 P2d 239 (1970).

The following are undisputed facts:

> The claimant resided in Oregon. His employer was domiciled in Idaho. The injury occurred in a third state, Washington. The Claims Division of the State Compensation Department (now defendant Fund) denied the claim. Upon appeal of the denial of the claim, the Workmen's Compensation Board concluded that claimant was not a covered employe under Oregon Workmen's Compensation Law. In its notice of appeal to this court, defendant Fund originally set forth as its first ground of circuit court error that "claimant was not a workman subject to the Oregon law." In its brief to this court, however, defendant Fund no longer claimed lack of coverage, but only that claimant had failed to show good cause for late filing.

In this situation, where the hearing officer, the Board, and the defendant Fund had such difficulty in deciding whether the claimant had Oregon coverage, justice would be vexed if claimant's injury went uncompensated solely because his own confusion resulted in his failure to file within the required 30-day period. We hold, in agreement with the circuit court, that the claimant has established good cause for failure to give notice within 30 days after the accident.

Affirmed.

SCHWAB, C. J., dissents.