Argued January 15, affirmed May 7, petition for
review denied July 17, 1979

WIDENER, *Respondent,*

*v.*

LOUISIANA-PACIFIC CORPORATION, *Appellant.*

(WCB No. 74-999, CA No. 11830)

594 P2d 832

Jack Mattison, Eugene, argued the cause and filed the brief for appellant.

Douglas E. Kaufman, Tillamook, argued the cause and filed the brief for responent.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

LEE, J.

**LEE, J.**

This is a Workers' Compensation proceeding in which the employer, Louisiana-Pacific, appeals from an order of the circuit court determining that claimant, suffered an injury during the course and scope of his employment. The employer contends that (1) the claimant failed to prove the industrial injury, and (2) the claim is barred by the failure to give timely notice.

Claimant contends that on or about July 19, 1973, he sustained an injury to his low back when he slipped and fell while servicing a saw used to split oversized logs in the employer's log pond. There were no witnesses to the incident but two people testified that claimant mentioned the fall to them shortly after it occurred. Claimant continued to work without complaining to the employer until the latter part of October 1973, when he quit. After seeing several doctors, claimant underwent surgery in late November 1973. About that time (approximately five months later), claimant gave his employer written notice of the injury. The employer denied his claim.

The referee found that (1) the claimant suffered an injury to his low back during the course and scope of his employment, but that (2) his claim was barred for failure to give timely notice. On review, the Workers' Compensation Board (Board) affirmed in all respects. On appeal, the circuit court agreed that the claimant had sustained a compensable injury, but reversed the denial of the claim on the ground that claimant's failure to give timely notice did *not* bar his claim because the employer had failed to prove that it had been prejudiced by the late filing.

The first issue is whether the claimant failed to prove an industrial injury. The referee, the Board and the circuit court all agreed that he did prove a compensable injury. Although no one witnessed the accident, the referee found that claimant's testimony, along with that of his living companion and a fellow worker, was sufficient to establish that claimant did

[5]

sustain an injury at work. Resolution of this question by the referee turned upon the credibility of the witnesses. It is therefore appropriate that this court give weight to the findings of the referee on this issue. *See Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 192, 471 P2d 831, 476 P2d 931 (1970), *rev den* (1971). We agree with the referee that claimant did prove a compensable injury.

■ The second issue is whether the claim is barred by failure to give timely notice of the injury.

ORS 656.265 provides in pertinent part:

"(1) *Notice* of an accident resulting in an injury or death *shall be given* immediately by the worker or his dependent to the employer, but *not later than 30 days after the accident.* * * *.

"* * * * *

"(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 *unless:*

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, *or* the fund or direct responsibility *employer has not been prejudiced* by failure to receive the notice; *or*

"* * * * *

"(c) The notice is given within one year after the date of the accident and the *worker* or his beneficiaries establish in a hearing he *had good cause* for failure to give notice within 30 days after the accident." (Emphasis supplied.)

As we noted in *Wilson v. State Acc. Ins. Fund,* 3 Or App 573, 576, 475 P2d 992 (1970), ORS 656.265(4)(a) and (c) are *independent* of each other and a claim will not be barred if one of the provisions is satisfied.

In *Satterfield v. Compensation Dept.,* 1 Or App 524, 529, 465 P2d 239 (1970), we held that the burden is on the employer to prove that it was prejudiced by untimely notice of an accident. In the instant case, the employer failed to offer any evidence that it was prejudiced by failure to receive timley notice. Claimant did file a notice within one year. We conclude,

[6]

therefore, that because the employer failed to demonstrate prejudice claimant is not barred from receiving compensation.

In view of our determination that claimant is not barred from receiving compensation, we do not reach the question of whether claimant had "good cause" under ORS 656.265.(4)*(c)* for failure to give notice within 30 days.

The circuit court correctly ordered the employer to accept claimant's claim.

Affirmed.