Argued September 17, affirmed October 22, 1979

VANDRE, Claimant,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(No. 77-5116, CA 14162)

601 P2d 1265

M. Elliott Lynn, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Newhouse, Foss, Whitty & Roess, Coos Bay.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

The issue in this workers' compensation case is whether the claim is barred by claimant's failure to give his employer written notice within 30 days of the accident, as required by ORS 656.265.[1] The Workers' Compensation Board held that the untimeliness of claimant's notice was not excused under the statute and we agree.

Claimant contends he suffered an on-the-job injury in mid-March, 1977, at which time he was a dryer feeder for Weyerhaeuser. The injury allegedly occurred when he left his work station to straighten a large roll of veneer on its tray. Claimant testified that while doing this he felt a sharp pain in his shoulder

---

[1] ORS 656.265 provides in pertinent part:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the worker or his dependent to the employer, but not later than 30 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"(2) The notice need not be in any particular form. However, it shall be in writing and shall apprise the employer when and where and how an injury has occurred to a worker. * * *

"(3) Notice shall be given to the employer * * * by personal delivery to the employer or to a foreman or other supervisor of the employer. * * *

"(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the fund or direct responsibility employer has not been prejudiced by failure to receive the notice; or

"(b) The fund or direct responsibility employer has begun payments as required under ORS 656.001 to 656.794; or

"(c) The notice is given within one year after the date of the accident and the worker or his beneficiaries establish in a hearing he had good cause for failure to give notice within 30 days after the accident.

"* * * * *

"(6) The director shall promulgate and prescribe uniform forms to be used by workers in reporting their injuries to their employers. These forms shall be supplied by all employers to injured workers upon request of the injured worker or some other person on his behalf. Nothing contained in this section, however, shall defeat the claim of any worker who does not use the suggested form but otherwise substantially complies with this section."

and between his shoulder blades. There were no witnesses to the incident. Claimant testified that either shortly thereafter, or at least sometime before the end of the shift, he told his foreman he had hurt his shoulder or that his shoulder was hurting. No accident form was filled out. Claimant finished work that shift and worked the next two weeks without time loss. The mill was shut down from the first of April to mid-May, during which time claimant worked for about three weeks as an auto mechanic. He returned to the mill sometime between May 15 and June 1, 1977, and worked without symptoms or time loss for about two weeks. Then, on June 14, 1977, he filed an accident claim form.

■ Claimant's failure to give notice within 30 days of the accident bars his claim, unless (1) his employer had actual knowledge of the injury, or (2) payment of benefits had begun, or (3) there was good cause for failure to give notice within 30 days, or (4) the employer was not prejudiced by failure to receive the notice. ORS 656.265(4). The existence of any *one* of these conditions is sufficient to prevent the claim from being barred. *Wilson v. SAIF,* 3 Or App 573, 475 P2d 992 (1970); *Widener v. La-Pac. Corp.,* 40 Or App 3, 6, 594 P2d 832 *rev den* (1979).

■ The referee found that claimant did not carry his burden of proving either that his employer actually had notice of the injury, or that good cause existed for the late filing. We agree with both of these findings. Claimant did not contend that benefit payments had begun.

■ At the hearing, neither party specifically addressed the question of whether employer had been prejudiced by failure to receive notice, and the referee did not address this issue in his opinion and order. *Satterfield v. Compensation Dept.,* 1 Or App 524, 465 P2d 239 (1970), places upon the employer the burden of proving prejudice due to a late filing. There, where respondent-employer offered no evidence in support of its claim of

prejudice, the worker's failure to file notice within 30 days was excused under ORS 656.265(4)(a) because prejudice had not been established.

■ On de novo review, we must determine whether prejudice has been established. The requirement of timely notice serves several purposes. It facilitates prompt investigation and diagnosis of the injury. It assures the opportunity to make an accurate record of the occurrence, and decreases the chance for confusion due to intervening or nonemployment-related causes. As we noted in *Satterfield*, prejudice can result from the passage of time alone because witnesses are mobile and their memories may dim with time, and because prompt medical attention can reduce the consequence of an injury. If the employer is denied these benefits of timely notice, there is deemed to be prejudice. The record in this case reveals the presence of many of these prejudicial factors.

■ Claimant's testimony is that he does not remember what day he was injured; he recalls only that the injury occurred during mid-March. He worked without time loss or apparent disability, both on the job and as an auto mechanic, for roughly three months before he filed his claim or saw a doctor. Claimant stated that he made an oral report of the injury to his foreman, but does not remember if that report was made shortly after the occurrence or sometime later that night. His foreman, Mr. Lemon, testified that he did not recall any discussion concerning a shoulder injury, and furthermore, if a worker claimed an on-the-job injury an accident report would be filled out during that shift. When claimant went to fill out a claim form he did not remember to which foreman he had reported the injury. Indeed, he asked his current foreman, Mr. Holtz, if he recalled the March injury. Holtz replied he did not, since he was not claimant's foreman at that time. Claimant asked who his foreman was in March of 1977, whereupon Holtz suggested Lemon's name.

The record thus discloses an alleged accident, unwitnessed, on an uncertain date, reported to a foreman who does not remember such report, by a worker who initially did not remember to whom the alleged report was made, and which accident neither manifested itself as an injury nor was treated for three months. It is clear that the alleged incident made little impression on anyone's memory, including claimant's, and that a meaningful investigation has become impossible. There was no opportunity for prompt treatment of the alleged injury, which may have lessened its severity, or to determine whether it was work related, thus ruling out possible intervening or external causes.

Although this evidence was not specifically adduced by employer on the issue of prejudice, its presence in the record satisfies employer's burden of proof under *Satterfield.*

Affirmed.