Argued and submitted December 20, 1979,
affirmed March 17, reconsideration denied April 24,
petition for review denied May 13, 1980 (289 Or 107)

In the Matter of the Compensation of
BUTTON,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. 77-7905, CA 15003)

608 P2d 206

[295]

Charles Robinowitz, Portland, argued the cause and filed the brief for petitioner.

Darrell Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Claimant appeals from an order of the Workers' Compensation Board awarding him temporary total disability from August 24, 1977 to January 13, 1978. He claims that he should have been awarded interest on certain disability benefits the Fund originally refused to pay; that the referee and Board cannot reduce the amount requested as attorney fees without stating their reasons for doing so; and that he was entitled to penalties on certain unpaid disability benefits. We affirm.

The claimant, Donald Button, was working as a timber cutter on August 24, 1977, when a log rolled against him, hitting him in the right hip and pinning him against a stump. He experienced pain in his right upper leg and hip. That same day he went to the hospital where emergency treatment was received for soft tissue injury to the right thigh.

Claimant returned to work briefly but, by the end of August, was unable to do anything because of pain in his right knee and hip. He was off work from August 31 through October 31, 1977. Claimant tried working again at the end of October but, because of pain, he had to quit. At that time, he consulted his doctor who concluded that, because of a tear of the right medial meniscus (an injury affecting the knee), claimant would need to undergo surgery. In the doctor's opinion, the knee injury resulted from the accident on August 24th. On November 30, 1977, the surgery was performed. Claimant was released for work on January 13, 1978.

SAIF paid claimant disability benefits until October 31, 1977. However, it miscalculated the amount due and paid claimant less than he was entitled to. The error was subsequently corrected by SAIF but only after some time had passed. SAIF denied the knee injury claim and refused to pay any temporary disability benefits or hospital and medical bills after October 31, 1977. Claimant appealed the denial.

After a hearing, the referee found the claimant's knee injury claim to be compensable. He ordered SAIF to pay all of the claimant's medical and hospital bills in connection with the claim and temporary total disability benefits between October 31 and December 5, 1977 (the date of the denial). In addition, he found that the claimant was entitled to a 25 percent penalty on the medical bills, on the accrued temporary total disability for the period from October 31 through December 5, and on the amount owed for miscalculation in benefits from the date of the accident through October 31. He awarded claimant $2,000 in attorney fees.

On further appeal, the Board extended the period of compensation to January 13, 1978. However, it did not assess a further penalty payment for this later time period. In addition, the Board did not find any justification for assessing penalties against the Fund for failure to pay medical and hospital bills. In all other respects, the referee's order was affirmed. The claimant was awarded $300.00 in attorney's fees for the Board review.

Initially, claimant assigns as error the Board's failure to award him interest on unpaid temporary disability benefits. There is no statutory authority for such an award in the Workers' Compensation Act. The only penalties available are those specified in ORS 656.262(8). The claimant is not entitled to interest payments on any of the unpaid benefits.

Claimant's second contention is that the referee and Board cannot reduce the amount of attorney fees requested by him without stating their reasons. Claimant requested $2,952.75 from the referee and $879 from the Board; he was awarded $2,000 and $300 respectively. The problem with this contention is that the claimant's initial remedy lies elsewhere. ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith

shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

There is no evidence that this procedure was followed in this case. The question of the amount of attorney fees is not properly before us and we decline to rule on the matter.[1]

Claimant's final argument is that, in addition to those awarded, he was entitled to penalty payments on his unpaid medical bills and on his unpaid benefits for the entire period from October 31 to January 13. ORS 656.262(8) provides that:

"(8) If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

The referee awarded disability payments from October 31 through December 5; the Board extended the award to January 13. The Board, however, while agreeing with the finding that claimant was entitled to penalty payments for the October 31 to December 5 period, did not extend the penalty payments through January 13.

The claim was filed on September 7; the denial was not made until December 5. The referee awarded penalties for the October 31 to December 5 period because he found that SAIF unreasonably delayed making a decision on claimant's case. Claimant is now

---

[1] We have had a previous occasion to note the anomaly of continued circuit court involvement in the Workers' Compensation process. *See Moe v. Ceiling Systems, Inc.,* 44 Or App 429, 606 P2d 644 (February 11, 1980).

requesting penalties for that time after the denial. However, there was no unreasonable delay in reaching a decision with respect to that later period because one had already been made. After denial is made, no further compensation must be paid absent an unreasonable refusal, until an appeal of the denial establishes that further compensation is due. There was no penalty for delay due for the compensation ultimately determined to be due after December 5.

Claimant also objects to the Board's denial of penalties for unpaid medical bills. The Board found no justification for assessing penalties for failure to pay the medical bills relating to the knee surgery because there was "no consequential delay between the surgery and the denial." The tests and operation were performed on November 8 and November 30, respectively; SAIF denied responsibility for the claim on December 5.

The award of penalties is a policy matter largely within the Board's expertise. It is clear there was a basis for the Board's decision here. It was "not obliged to assess a penalty on all unpaid items," as the Fund's action "* * * was unreasonable only in certain of the circumstances." *Francoeur v. SAIF,* 20 Or App 604, 611, 532 P2d 1148 (1975), *rev den,* 1974. We decline to alter the Board's decision.

Affirmed.