Argued and submitted July 25,
reversed and remanded September 2, 1980

## In the Matter of the Compensation of

## HIGGINS,
*Petitioner,*

*v.*

## MEDICAL RESEARCH FOUNDATION
## OF OREGON, et al,
*Respondents.*

### (No. 78-1883, CA 16813)

615 P2d 1192

David R. Bangsund, Portland, argued the cause and filed the brief for petitioner.

Frank A. Moscato, Portland, argued the cause for respondent Medical Research Foundation of Oregon. With him on the brief was Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Claimant appeals from an order of the Workers' Compensation Board (Board) which held that claimant's occupational disease claim was not timely filed. The referee had found that claimant gave the employer actual notice of the claim and that the claim was compensable. Employer contends that the claim was not timely and in the alternative, if timely filed, it is not compensable. The Board did not address the compensability issue in its order.

ORS 656.807 provides, in relevant part:

"(1) * * * [A]ll occupational disease claims shall be void unless a claim is filed with the * * * direct responsibility employer within * * * 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later.

"* * * * *

"(4) The procedure for processing occupational disease claims shall be the same as provided for accidental injuries under ORS 656.001 to 656.794."

Failure to provide timely notice bars the claim unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the corporation or direct responsibility employer *has not been prejudiced by failure to receive the notice.*" ORS 656.265(4)(a). (Emphasis added.)

*Inkley v. Forest Fiber Products Co.,* 288 Or 337, 347, 605 P2d 1175 (1980); *Gronquist v. SAIF,* 25 Or App 27, 31, 547 P2d 1374, *rev den* (1976).

Claimant left work on July 1, 1977, complaining of hypertension and nervousness. She filed a workers' compensation claim with employer on January 31, 1978, one month after the statutory claim notice deadline, ORS 656.807(1). There is a dispute as to whether the employer had actual notice of the claim prior to the expiration of 180 days. We see no reason to detail the facts or resolve this dispute because we find that employer has not shown that it was prejudiced by the late filing.

■ ORS 656.265(4)(a) states that the defense of late claim filing is available to the employer only where the delay in the claimant's filing has caused employer to be prejudiced. The employer bears the burden of proving prejudice. *Inkley v. Forest Fiber Products Co., supra,* 288 Or at 348; *Satterfield v. Compensation Dept.,* 1 Or App 524, 528, 465 P2d 239 (1970).

■ Employer made no argument below that it was prejudiced but on appeal contends that under our decision in *Vandre v. Weyerhaeuser Co.,* 42 Or App 705, 601 P2d 1265 (1979), it was prejudiced. In *Vandre,* we said:

> "On de novo review, we must determine whether prejudice has been established. The requirement of timely notice serves several purposes. It facilitates prompt investigation and diagnosis of the injury. It assures the opportunity to make an accurate record of the occurrence, and decreases the chance for confusion due to intervening or nonemployment-related causes. As we noted in *Satterfield [v. Compensation Dept.,* 1 Or App 524, 465 P2d 239 (1970)]*, prejudice can result from the passage of time alone because witnesses are mobile and their memories may dim with time, and because prompt medical attention can reduce the consequence of an injury. If the employer is denied these benefits of timely notice, there is deemed to be prejudice. *The record in this case reveals the presence of many of these prejudicial factors. "* 42 Or App at 709. (Emphasis added.)

The record in the present case reveals no prejudice.

■ Employer raises the alternate argument that the claim is not compensable. Claimant did not brief this issue before the Board or this court. Since March 19, 1979, when this case was heard before the referee, the Supreme Court has decided *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979); and we have decided *Shilling v. SAIF,* 46 Or App 117, 610 P2d 845, *rev pending* (1980); *Paresi v. SAIF,* 44 Or App 689, 606 P2d 1172 *rev allowed* 289 Or 209 (1980); *James v.*

*SAIF,* 44 Or App 405, 605 P2d 1368, *rev allowed* 289 Or 209 (1980). The rules of law established in those decisions could significantly affect this case. We remand to the Board to determine if the claim is compensable and if so to award appropriate compensation.

Reversed and remanded.