Argued and submitted April 15, reversed June 29,
reconsideration denied August 13,
petition for review denied September 22, 1981 (291 Or 662)

In the Matter of the Compensation of
Robert V. Condon, Claimant.
## CONDON,
*Petitioner,*

*v.*

## CITY OF PORTLAND,
*Respondent.*

(WCB No. 79-8395, CA 19561)

629 P2d 1324

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Bruce Bottini, Portland, argued the cause for respondent. With him on the brief was Reiter, Bricker, Zakovics & Querin, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

Thornton, J., dissenting opinion.

## VAN HOOMISSEN, J.

Claimant sustained an injury to his right knee which his self-insured employer maintains was not job-related. A referee found the injury occurred on the job and ordered compensation paid. The Workers' Compensation Board (Board) reversed the referee and claimant appeals. The sole issue is compensability. On *de novo* review, we reinstate the referee's order.

Claimant, a felon on parole, was employed as a temporary laborer by the Portland Bureau of Parks. He had surgery on his knee in 1978, but it was described as stable at the time of his employment by his father, a physician. Claimant testified that while at work on July 4, 1979, he slipped while lifting a plastic liner from a trash barrel, and his right leg slid sideways causing some pain to the knee. He continued working, but later on the same day, while he was shooting basketball with a co-worker, his knee collapsed. He received treatment for the injury and was told by his orthopedist to wear an immobilizer brace. Thus equipped, he was able to continue working until August 12, 1979, when his knee collapsed again while he was playing basketball. Claimaint filed a claim with his employer the next day, alleging that the July 4 injury was the cause of August 12 collapse. He underwent knee surgery August 15, 1979.

There are some inconsistencies in the statements made by claimant about the July 4 incident. He told his father, who first examined the injured knee, that he injured it while lifting the trash liner. He also gave this account to Wes Stoecker, a co-worker, the following day. However, he told the treating orthopedist, Dr. Cherry, that his injury occurred while he was playing basketball. His work supervisors were merely informed that he had injured his knee; they were not told that the injury was job related.

He accounts for these apparent inconsistencies by explaining that securing a job and maintaining employment were conditions of his parole, and, because he had been warned that his unstable work history could result in his being returned to prison, he did not want to jeopardize his employment by claiming an on the job injury.

In this case, the credibility of the claimant is of crucial importance. The referee found that the claimant's explanation for his failure to report the injury immediately and for the inconsistencies in his accounts of the injury was plausible. The Board found the record established claimant's testimony was not credible because of the inconsistencies and expressed doubt as to whether the trash barrel incident had ever occurred.

■ Claimant urges that great weight should be given the referee's findings. This court generally does give great weight to the referee's findings, especially where credibility is an important issue. *Anfilofieff v. SAIF,* 52 Or App 127, 627 P2d 1274 (1981); *Widener v. La-Pac Corp,* 40 Or App 3, 594 P2d 832, *rev den* 287 Or 129 (1979).

■ Our review of the record satisfies us that claimant's account of how the injury occurred is plausible, and his explanation of his inconsistent statements is not unreasonable. Claimant's co-worker on July 4, now his spouse, testified that, while she did not see him fall, she did hear a noise and looked up to see claimant lying on the ground next to an overturned trash barrel. Claimant's father testified that his son told him of the trash barrel incident the evening of the day it had occurred. Claimant's co-worker, Stoecker, testified that claimant told him on July 5 that he had hurt his knee while emptying a trash barrel. Medical evidence indicates that claimant sustained an injury to his knee on July 4 and that the injury was consistent with claimant's account of his fall while emptying a trash barrel. The medical evidence also supports a finding that the collapse of claimant's knee on August 12 was the result of the July 4 injury, not the earlier injury, and no evidence was offered to the contrary.

We therefore conclude that claimant's knee injury is compensable. The order of the Board is reversed.

Reversed.

**THORNTON, J.,** dissenting.

Contrary to the majority, I agree with the Board that claimant has not established by credible evidence that he sustained a compensable injury. Further, the record

establishes that claimant's testimony was not credible. Claimant provided inconsistent and conflicting accounts to several different individuals about how the injury allegedly occurred.

My examination of the record leads me to agree with the Board's finding that it is:

"* * * more probable than not that claimant did not injure his right knee in any garbage can incident as we doubt that [this] incident ever occurred."

Next, I cannot accept the Referee's conclusion regarding the compensability of any right knee injury claimant may have suffered while shooting baskets or playing 'one-on-one' later in the day of July 4. Such activity was not authorized by the employer and there was no evidence that such activity by employees during working hours was tolerated by the employer.

I would adopt the following from the Board's order on review:

"* * * * *

"The record establishes that on August 12, 1979, while playing basketball (shooting baskets and/or playing 'one on one'), the claimant injured his right knee. This injury occurred when claimant was not working and is clearly not compensable. The evidence establishes that this August 12, 1979 incident caused disability and the need for medical treatment. This off-the-job incident clearly contributed more than slightly to the claimant's right knee problem — to what extent beyond slight has not been established. Had the employer any responsibility for the right knee condition up to that time and we have found they did not, then the August 12, 1979 incident extinguished that responsibility."

For the above reasons, I conclude that claimant did not meet his burden of proof. I therefore respectfully dissent.