Argued and submitted August 26, 1981, affirmed in part;
reversed and remanded in part with instructions February 2, 1982

In the Matter of the Compensation of
James F. Raifsnider, Claimant.

RAIFSNIDER,
*Petitioner,*

*v.*

CAVEMAN INDUSTRIES, INC. et al,
*Respondents.*

(WCB Nos. 79-9409, 79-1549, and 78-8036
CA A20580)

639 P2d 1298

Patricia L. Thompson, Portland, argued the cause for petitioner. With her on the brief was Drakulich & Carlson, Portland.

Paul D. Clayton, Eugene, argued the cause for respondents. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant made two claims, the first for an April, 1978, injury to his low back and the second for a June, 1978, injury to his right shoulder. The right shoulder claim is not involved in this appeal. Employer's carrier denied claimant's low back claim. The referee found that claimant's back condition was compensable and that claimant was entitled to a penalty and attorney fees for unreasonable delay in denying the claim. On review, the Workers' Compensation Board reversed the referee. We review *de novo* ORS 656.298.

Claimant's job involved lifting and carrying sheets of chipboard weighing 75-100 pounds. In April, 1978, he experienced hip pain and a grating sensation in his low back. This condition was experienced over a two week period and led to a visit to the hospital on May 7. The examining physician diagnosed back sprain and prescribed bed rest. In June, 1978, claimant suffered a job-related injury to his right shoulder, which led to another hospital visit. In July, he was seen by Dr. Melson, a neurologist, concerning both the back and the right shoulder conditions. In August, a right rib resection was performed to relieve the shoulder condition, but no therapy was instituted for the low back. Claimant was off work from June, 1978, until October, 1979. During that entire period he suffered pain in his back and shoulder. He worked operating a forklift in October and November, 1979, but was unable to continue working because of pain.

In October, 1978, employer's carrier denied claimant's back claim on the ground that there was "insufficient showing that these problems result from your industrial injury of 6-29-78." In November, 1978, the carrier added as an additional ground for denying the claim that "[t]hese complaints were never reported as work-related to our insured."[1] Claimant requested a hearing. The referee found

---

[1] Claimant contends employer had knowledge of his back problem because he gave employer a doctor's slip dated June 29, 1978, regarding work restrictions. Employer, in effect, denied receiving notice of the back problem. The referee found that the slip

"was not only untimely but it does not even specify an injury or condition. The first knowledge of injury of the low back was in Dr. Melson's report of July 6, 1978."

that the low back condition was work-related and that employer was not prejudiced by untimely notice of that injury and awarded claimant penalties and attorney fees for delay.

Claimant contends that he Board erred in finding that his back injury was not compensable. The Board stated:

> "We are not persuaded by the medical evidence that [the low back injury] arose out of and in the course of employment."

Claimant had no history of back problems before the incident in April, 1978. For a month or two prior to the injury, he had been required to lift heavy sheets of chipboard. He went to the hospital complaining of an injury to his low back and related his employment as the cause. The treating physician told claimant to refrain from working for a few days. He continued working, however, at the same activity for a month or so and then at another job also requiring bending and stooping.

A number of physicians subsequently identified claimant's employment as the cause of his back injury. Dr. Melson examined claimant in July, 1978, and reported that his back pain was related to lifting chipboard. Dr. Litwiller stated:

> "On 10/23/78, Mr. Raifsnider presented himself in our office complaining primarily of low back pain and some occasional right hip numbness. This has been a problem since 6/29/78, when he was working with his arms above his head, while lifting chipboard. * * * "

The carrier's consultant, Dr. Hockey, stated:

> "Mr. Raifsnider has had a fairly constant complaint of low back problems aggravated by certain movements and I do feel that his on-the-job injury of June 29, [1978] precipitated some of the strain. * * * "

Dr. Edwards testified that claimant's back problems were work related. After reviewing the record, we agree with the referee that claimant has proved the compensability of his back condition by a preponderance of the medical evidence. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 55, 602 P2d 268 (1979).

■ ■ Claimant also contends the Board erred in finding that he failed to notify employer of his back injury within 30 days of its occurance. ORS 656.265(1). The Board stated:

> "Claimant's various and assorted claims for his low back condition were not timely."

ORS 656.265(4)(a) provides that the defense of late claim filing is available to the employer only when the delay in the claimant's filing has prejudiced the employer. The employer bears the burden to prove prejudice. *Higgins v. Med. Research Foundation,* 48 Or App 29, 32, 615 P2d 1192 (1980); *see Inkley v. Forest Fiber Products Co.,* 288 Or 337, 348, 605 P2d 1175 (1980); *Satterfield v. Compensation Dept.,* 1 Or App 524, 528, 465 P2d 239 (1970). The referee found no evidence of prejudice to employer. Similarly, the Board made no specific finding of prejudice. Employer argues that it was prejudiced, relying on *Vandre v. Weyerhaeuser Co.,* 42 Or App 705, 601 P2d 1265 (1979). The facts of *Vandre,* however, are distinguishable. Unlike in *Vandre,* this claimant's injury manifested itself soon after the alleged incident, and there was opportunity for reasonably prompt treatment. Claimant was treated in the hospital on May 7, 1978, and, when the pain persisted, was treated again on July 6, 1978. Considering the record as a whole, we find that employer has failed to carry its burden of proving prejudice.

Claimant also contends that employer's carrier unreasonably delayed in denying his claim. In awarding a penalty, the referee found the carrier had unreasonably refused to pay compensation between the time employer received notice of the claim in July, 1978, and the time the claim was denied in October, 1978. ORS 656.262(5).[2] The Board concluded that, although the denial was erroneous in part, genuine and understandable confusion surrounded the claim and, therefore, the denial was not unreasonable. The Board found that the confusion existed because it was unclear "what claimant was claiming, when he was claiming it, and what the basis of the claims was."

---

[2] ORS 656.262(5), in relevant part, provides:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the corporation or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. * * * "

■ ■ The award of penalties is a matter largely within the Board's expertise. *Button v. SAIF,* 45 Or App 295, 300, 608 P2d 206, *rev den* 289 Or 107 (1980). Here, confusion existed over whether the claimed back injury had occurred in June, 1978, or earlier in April or May. Also, the claim filed with employer in July, 1978, noted shoulder and arm injuries but not claimant's low back problems. Claimant waited until December, 1978, to file a claim *detailing* his back injury. On that record, we decline to alter the Board's decision.

Affirmed in part; reversed and remanded in part with instructions to accept the claim for low back injury.