On petitioner Employers Insurance of Wausau's reconsideration filed March 4 of former opinion on reconsideration filed February 2 (55 Or App 820, 639 P2d 718), reconsideration granted, former opinion (54 Or App 804, 636 P2d 970) adhered to as modified; former per curiam opinion (55 Or App 820, 639 P2d 718) withdrawn April 26, petition for review denied July 13, 1982 (293 Or 373)

In the Matter of the Compensation of Dale Scofield, Claimant.

NATIONAL FARMERS' UNION INSURANCE, *Petitioner,*

*v.*

SCOFIELD et al, *Respondents.*

(WCB 78-3310, 78-7638, CA A20339)

643 P2d 1290

See also 56 Or App 130, 641 P2d 1131.

Frank A. Moscato, Deborah S. MacMillan, and Moscato & Meyers, Portland, for petition.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

In its two petitions for reconsideration respondent Employers Insurance of Wausau correctly points out that the fact statement in the previous opinion (54 Or App 804, 636 P2d 970 (1981)), is in error, namely that there is nothing to indicate that claimant mailed his report of the 1974 accidental injury to his employer or that he hand-carried it to the employer's office. Nevertheless, we conclude that Wausau cannot prevail because we are satisfied after again reviewing the record that claimant's claim was not barred by untimeliness.

■ Before a claim can be barred for late filing, the employer/insurer must overcome the "presumption that [s]ufficient notice of injury was given and timely filed * * *." ORS 656.310(1)(a). Claimant testified that following the accident of August 27, 1974, he "filled out the regular form that we had and I filled it in on my next time sheet for that day." Claimant also introduced into evidence a Supervisor's Accident Investigation Report book which contained, *inter alia,* a carbon copy of the handwritten report claimant testified he made out reporting the August 27, 1974, incident. Claimant's supervisor at the time, Kenneth Papenhausen, testified in detail concerning reporting procedures. He stated that, while he had no specific recollection of having seen this particular accident report, since claimant worked by himself, he kept his own Supervisor's Accident Investigation Report Book; that he vaguely recalled claimant's accident; and that it was customary for him to receive the originals of these reports, scrutinize them and then go to the office manager, who in turn would file them in the personnel files. We note that Wausau in a letter to claimant dated May 3, 1979, denied claimant's 1974 claim, not on the basis of lack of notice to the employer, but, rather, because

" * * * it appears your problems are the result of a May 23, 1977 incident rather than a minor incident in 1974."

Also, we point out that on February 21, 1979, Thomas E. Davis, Office Manager of Lane Electric Cooperative (claimant's employer), wrote to Wausau:

" * * * * *

"Enclosed is an accident form used internally in 1974. The form was completed but a 801 Form was not submitted.

"The accident on August 27, 1974, occurred in the McKenzie River area while Mr. Scofield was installing a new service. He was pulling * * * wire up a steep incline and tripped over a log, injuring his left leg and back.

"The claim was originally filed with National Farmers Union, our carrier at that time. They rejected the claim because they were not the carrier at the time of the accident. In their rejection letter, they indicated that SAIF was the carrier. So many weeks went by before it was discovered that your company [sic] the insurer.

"I apologize for the delay, but if I can be of future help, please contact me.

" * * * * * "

There was also testimony that Lane Electric had apparently experienced some problems in keeping its personnel files and that claimant's personnel file at Lane Electric did not contain an original accident report form for his August 4, 1973, back injury, his August 27, 1974, back injury, or the May 23, 1977, incident, although the original of the supervisor's report is in a number of other files. Claimant testified that Mr. Newland, Lane Electric's office manager and later general manager, had told him that there was a report of the August, 1974, incident in his personnel file, possibly in 1974, 1976 or thereafter.

■ Taking into consideration all the above circumstances we conclude that claimant gave notice to the employer of the 1974 accident and complied with the requirement of proof of notice of claim to the employer under ORS 656.265(1).

■ Assuming arguendo that the claim was filed late, the burden is on the employer/insurer to prove prejudice due to late filing. *Vandre v. Weyerhaeuser Co.,* 42 Or App 705, 601 P2d 1265 (1979). Wausau has not met that burden. It relies on *Vandre* to show prejudice in the case at bar; however, it offers only conclusory statements and no facts. As noted in *Vandre,* the purposes of timely notice are to facilitate prompt investigation and prompt diagnosis of the injury, to provide prompt medical attention, to assure an opportunity to make an accurate record of the occurrence

and to decrease the chance for confusion because of intervening causes.

Here, the employer is not prejudiced, because claimant, the only witness, did not leave the area and was available to substantiate the injury. He received prompt medical treatment, and the employer had notice of the injury. Claimant, as supervisor on the job site, testified that at the time of the 1974 injury he completed a Supervisor's Accident Investigation Report and turned it in with his time sheets. The carbon copy of this report was retained in the book. No one from the employer was able to state categorically that the report was not turned in, and the employer had no explanation for why the original was missing and why a Workers' Report of Accidental Injury was not completed.

The employer does not deny that claimant slipped and fell in August, 1974. Indeed, witnesses for the employer testified that if Mr. Scofield said he had reported the injury, then he did, because he is "as honest as the day is long." Thus, the claim for injury of August 28, 1974, is not barred for want of timeliness because the employer had knowledge, was not prejudiced and the claim was properly filed.

Reconsideration granted. The language pertaining to the presumption of the receipt of a mailing (54 Or App at 811) is deleted. Because the factual error does not change the result in this case, we adhere to our former opinion (54 Or App 804, 636 P2d 970 (1981), in all respects. The per curiam opinion, 55 Or App 820, 639 P2d 718 (1982)), is withdrawn. No costs to any party on reconsideration.