Argued and submitted February 1, reversed, referee's order reinstated May 9, 1984

In the Matter of the Compensation of
Gayle A. Bush, Claimant.

BUSH,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-00585; CA A28602)

680 P2d 1010

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Donna Parton Garaventa, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals from an order of the Workers' Compensation Board that reversed the referee's order and held that claimant had failed to prove that his myocardial infarction was compensable. On *de novo* review, we reverse.

Claimant was employed as a log truck driver. On October 16, 1980, he suffered a myocardial infarction while driving a log truck. He filed a claim which was denied by SAIF, the employer's insurer, on December 17, 1980. The referee found the claim compensable and remanded it to SAIF for acceptance and payment of compensation until closure pursuant to ORS 656.268. The Board reversed.

■        To establish a compensable heart injury case, a claimant must prove by a preponderance of the evidence that the work activity was both the legal and medical cause of the heart attack. *Coday v. Willamette Tug and Barge,* 250 Or 39, 440 P2d 224 (1968); *Carter v. Crown Zellerbach Corp.,* 52 Or App 215, 627 P2d 1300, *rev den* 291 Or 368 (1981). The usual exertion of a worker's job is sufficient to establish legal causation, *Carter v. Crown, supra,* 52 Or App at 219; that question is not at issue here. The dispositive question is whether there is medical causation, that is, whether the exertion involved in the work activity was a material contributing cause of the myocardial infarction. Medical causation must be established by medical experts. *Foley v. SAIF,* 29 Or App 151, 156, 562 P2d 593 (1977).

Before reaching that question, however, we must address the credibility of claimant's report of the factual circumstances immediately preceding the infarction. At the hearing, claimant testified that, on the date of the infarction, his log truck nearly collided with a small foreign car that ran a red light at an intersection. He indicated that he first felt intense fear and then extreme anger because of that event and that, 10 to 15 minutes later, he experienced the onset of symptoms. This history of acute stress, however, apparently was not related to any of claimant's doctors until May, 1982, over 18 months after the infarction. Because that information critically affects the medical testimony, the credibility of claimant concerning this incident is of crucial importance.

■■　　Here, the referee expressly found claimant credible. Conversely, the Board found him not credible, noting that his story about the near accident was uncorroborated, and expressed doubt that the incident had occurred. When credibility is an important issue, this court generally gives great weight to the referee's findings. *Condon v. City of Portland,* 52 Or App 1043, 1046, 629 P2d 1324, *rev den* 291 Or 662 (1981); *Anfilofieff v. SAIF,* 52 Or App 127, 627 P2d 1274 (1981). *De novo* review of the record also satisfies us that claimant's account of the details of the near accident is not unreasonable and, accepting claimant as credible, we find that it occurred. No evidence was offered to refute the fact that it occurred, even though the record indicates that claimant was interviewed by a SAIF investigator. His delay in recounting it and its omission from the early medical histories is understandable in the light of the more immediate concerns of claimant and his physicians with his health and the facts of the heart attack itself, rather than concern with details of his work before the heart attack occurred. We do not find it unusual for the latter concern to arise only after compensability of a claim becomes an issue. Accordingly, we conclude that the medical evidence must be considered in the light of the reporting physician's knowledge or lack of knowledge of that information.

■　　The medical evidence includes reports from three physicians who saw claimant close to the time of the infarction. Two of them did not believe it to be work-related. Dr. Norris, the emergency room physician at Douglas Community Hospital where claimant was taken following his heart attack, indicated that he did not think it "was particularly a result of him driving a log truck" but was "more a result of his life style, hereditary factors, and his perhaps sedentary activities." Dr. Robinhold, who performed an angiogram, reported that claimant described what was for him a rather usual day; because Dr. Robinhold did not know that there was any unusual or extraordinary stress connected with claimant's work on the date in question, he felt that the infarction was only an effect of underlying coronary artery disease. Dr. Leslie, who treated claimant following his heart attack, indicated that the infarction "occurred while driving and under working conditions and that this is possibly a materially contributing cause to the condition." A fourth physician, Dr. Kloster, who reviewed the

medical reports as a consultant, expressed the opinion that claimant's work activity was not a material contributing cause to development of the infarction, but that his heart attack was caused by pre-existing and underlying coronary artherosclerosis.

The report of Dr. Leslie is equivocal and therefore is of little value in resolving the medical causation issue. It appears from the record that Drs. Norris, Robinhold and Kloster, as well as Dr. Leslie, were unaware of claimant's near accident. The persuasiveness of the opinions of those physicians, based as they are on incomplete information, is therefore diluted considerably. *Foley v. SAIF, supra,* 29 Or App at 156-57.

The only medical evidence that addressed the relationship between claimant's near accident and the infarction appears in the report and testimony of Dr. Wysham, a cardiologist, who examined claimant in May, 1982. He explained that, in a person with pre-existing artheriosclerosis, acute stress can increase the pulse rate and cause a clot to form or either a rupture of the plaque in a coronary artery or a spasm of the artery, resulting in occlusion of the artery and causing an infarction. He testified that he believed that the near accident related by claimant was, for him, an acute episode of emotional strain and that it was probably a major precipitating factor.

We find that the opinion of Dr. Wysham sufficiently establishes a medical nexus between claimant's work conditions and his infarction. Claimant has sustained his burden of proof of medical causation. We conclude that claimant's infarction is compensable.

Reversed; referee's order reinstated.