Argued and submitted November 18, 1983, reversed and
remanded with instructions February 22, 1984

In the Matter of the Compensation of
Richard Davies, Claimant.

## DAVIES,
*Petitioner,*

*v.*

## HANEL LUMBER CO. et al,
*Respondents.*

(80-05224, 80-02635; CA A27317)

676 P2d 946

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were Daniel C. Dziuba and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondents Universal Drywall and SAIF Corporation.

Schuyler T. Wallace, Jr., Portland, argued the cause for respondents Hanel Lumber Company and Argonaut Insurance Company. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals a decision of the Workers' Compensation Board, which denied both his aggravation claim against Hanel Lumber Co. (Hanel) and its carrier, Argonaut Insurance Co., and his new injury claim against Universal Drywall (Universal) and its carrier, SAIF. On *de novo* review, we find that claimant has met his burden of establishing that he suffered a new injury, and reverse.

Claimant was injured initially at Hanel in September, 1974, when he jumped off of a log and twisted his right knee. He underwent surgery, which relieved his symptoms, and was released to return to work in January, 1975. No permanent disability was awarded as a result of that injury. He testified that his right knee continued to hurt for about one year after the surgery and then became symptom free until he went to work for Universal in June, 1979. During the intervening years, he engaged in a variety of jobs involving heavy labor. Claimant alleges that, on November 28, 1979, while working for Universal, he picked up a sheet of wallboard and felt pain in his right knee. He was treated for a twisted right knee on that date.

Universal's contention, apparently accepted by the referee and the Board, is that claimant failed to establish that he was actually employed by Universal on November 28, 1979, the date shown on the claim form as the date he was injured. On January 2, 1980, Universal responded to the portion of the form which asks, "Did the injury happen during the course of employment?", by stating "Yes." The only additional comment by Universal was, "We would like to know whether or not this is an old injury." On March 5, 1980, SAIF denied the claim, stating that claimant's condition was related to a preexisting injury. At no time before the hearing on January 19, 1981, did Universal assert that the accident had not occurred or that claimant was not employed by Universal on the date in question.

At the hearing, Mr. Erickson, Universal's general manager, testified that claimant's last day of work with Universal was November 19, 1979. The basis for that testimony was that he had a time card for claimant on November 18 and 19, but none for any time thereafter. Erickson brought to the hearing only the time cards for the 18th and 19th and no

other evidence relating to claimant's employment. He admitted that he keeps in his office a dispatch sheet that would show claimant's name opposite any job to which he was assigned and would show whether he was working on the date in question. He did not state whether he consulted that record prior to testifying. Further, neither he nor any other representative of Universal attempted to explain why claimant would not have been working on that date; there is no evidence that he had been fired or that he had quit.

One plausible explanation for the failure for there to be any time cards for an extended period of time is contained in claimant's somewhat confused testimony, in which he states that he took a vacation to go elk hunting before the accident. When he came back to work, he started working on a new apartment that required a new time card, was injured and never filled out the time card.

Claimant was confused during his testimony as to the dates in question. For that reason, the referee felt that his testimony is hard to believe. Although we defer to the referee with respect to findings of credibility, where, as here, that finding or conclusion is based on an objective evaluation of the substance of a witness' testimony, the referee has no greater advantage in making that assessment than we do on *de novo* review. It appears to us that the claimant's confusion over dates is understandable, because he had no reason before the hearing to believe that the employer would deny that he had worked on the date in question. The hearing occurred over a year after the accident, and it is understandable that claimant would have been confused when he was suddenly confronted with employer's denial that he was employed on the day in question. In spite of his confusion, claimant's testimony, from an objective standpoint, impresses us as more credible than that of Mr. Erickson, who did not consult the record that would have answered the question, brought inadequate documentation to the hearing and offered no explanation why claimant would not have been working on the day he said he was injured. Universal's argument is weakened further by the fact that shortly after the accident it stated that the accident had occurred at work; four months after the accident it denied the claim, not because claimant did not work on that date, but because claimant's disability was the result of a preexisting injury.

It is reasonable to conclude that, if claimant had not been employed by Universal for over a week prior to the date when he claims to have been injured, Universal would have denied that the injury occurred during claimant's employment. It is also reasonable to expect an employer to raise the question prior to the hearing and to bring its relevant records, solely within its control, to the hearing to support its surprise defense.

The preponderance of the evidence establishes that claimant did sustain an accident while he was employed by Universal on November 28, 1979, and that that job-related accident independently contributed to claimant's disability. He has sustained a new injury at Universal for which SAIF is responsible. *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984).

Reversed and remanded with instructions to order acceptance of the claim for new injury.