Argued and submitted July 12, affirmed November 14, 1985

In the Matter of the Compensation of
Phillip G. Powers, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION,
*Petitioner,*

*v.*

POWERS,
*Respondent.*

(82-01936; 83-07914; CA A33741)

708 P2d 1202

Keith D. Skelton, Portland, argued the cause and filed the brief for petitioner.

Jack Ofelt, Jr., Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

Liberty Northwest Insurance Corp. (Liberty) seeks review of an order of the Board affirming a referee's decision that rescinded Liberty's denial of responsibility on the basis of *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), and awarding claimant permanent total disability. We affirm.

In 1978, claimant sustained a compensable back injury as the result of lifting while employed by Reynolds Metals Company. Liberty, Reynolds' insurer at the time, accepted the claim. In late 1979, Reynolds transferred its insurance coverage to Travelers Insurance Company (Travelers). Claimant continued to work for Reynolds. On June 17, 1980, he was lifting heavy barrels and experienced severe back pain. He filed a claim with Travelers, which was denied.[1] On Travelers' advice, he filed a claim with Liberty. Liberty accepted the claim on the assumption that it was a continuation or aggravation of the 1978 injury. On February 11, 1982, a determination order awarded claimant, in addition to a period of temporary disability, an additional 25 percent unscheduled disability for the low back.[2] Claimant then requested a hearing on the extent of disability.

At a hearing on March 3, 1983, Liberty denied responsibility for the claim, because the evidence indicated that the barrel lifting incident on June 17, 1980, was a new injury. Liberty claimed that the evidence at the hearing was the first knowledge that it had of a new injury. After the referee recessed the hearing, Liberty notified claimant that it was denying responsibility on the ground that he had suffered a new injury which was the responsibility of Travelers.

At a second hearing on January 4, 1984, the referee summarily ruled that Liberty's denial of responsibility was an impermissible "back up" denial under *Bauman v. SAIF, supra.* He limited the hearing to the issue of the extent of claimant's disability and found that claimant was permanently and totally disabled.

---

[1] Claimant failed to file a timely request for a hearing protesting the denial. Consequently, the denial became final and claimant has no claim against Travelers. ORS 656.283; ORS 656.319.

[2] A determination order in 1981 awarded claimant 10 percent unscheduled disability for the back.

Liberty makes two assignments of error. The first is that it was error to rescind its denial of responsibility. Alternatively, it contends that claimant is not permanently and totally disabled.

*Bauman v. SAIF, supra,* holds that, once an insurer has accepted a claim, it may not deny compensability unless there is a showing of fraud, misrepresentation or other illegal activity. 295 Or at 794. In *Jeld-Wen, Inc. v. McGehee,* 72 Or App 12, 695 P2d 92, *rev den* 299 Or 203 (1985), we held that the *Bauman* rule is equally applicable to denials of responsibility.

In the present case, the question becomes whether there are facts which entitle Liberty to claim one of the exceptions to the rule, *i.e.* fraud, misrepresentation or other illegal activity. At the hearing, Liberty stated that it was not alleging any such misconduct on the part of claimant. On appeal Liberty concedes that there is no evidence of fraud or fraudulent misrepresentation. Instead, Liberty claims that claimant made "false statements" to Liberty, Travelers and his doctors that caused Liberty to accept the claim.

■ The record in this case, including claimant's description of how he sustained his injuries in 1978 and 1980, may be obscure and lacking in specificity, but we find no basis for declaring claimant's statements "false." The problem is that Liberty discovered what it now believes are the "true facts" three years after it had accepted the claim. There is no evidence in this record that entitles Liberty to an exception under the *Bauman* rule.

■ We turn to the extent of claimant's disability. A laborious recitation of the medical evidence and claimant's physical limitations would be of no value. On the basis of our review of the evidence, we hold that claimant carried his burden of proving that he is permanently and totally disabled. ORS 656.206(1)(a),(3).

Affirmed.