Argued and submitted July 17, reversed and remanded December 18, 1985, reconsideration denied March 28, petition for review allowed May 20, 1986 (301 Or 165)

In the Matter of the Compensation of
Charlotte J. Johnson, Claimant.

JOHNSON,
*Petitioner,*

*v.*

SPECTRA PHYSICS et al,
*Respondents.*

(83-02119, 83-02685, 83-10719; CA A33862)

712 P2d 125

2

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Bruce L. Byerly, Portland, argued the cause and filed the brief for respondents Spectra Physics and Western Employers Insurance.

Jerald P. Keene, Portland, argued the cause for respondents EBI Companies and Junction City Center. On the brief were Craig A. Staples and Roberts, Reinisch & Klor, P.C.

David Runner, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Marloc Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant seeks review of the Workers' Compensation Board's denial of compensability of her carpal tunnel syndrome and its upholding the denial of responsibility by one employer. Claimant originally sought review of her claim against three employers, but she dismissed her claim against Spectra Physics and its insurer. We reverse.

Claimant was employed by Marloc Corporation from 1969 until January, 1981. Her job included shearing plastic, screen printing, hand sanding, box making, sawing raw materials, assembling products with hand tools and riveting. The activities involved using hand levers, hand cranks and manual squeegees, manually "flipping" large sheets of aluminum, using hand-held pneumatic and oscillating sanders, hammering and nailing, manually lifting heavy rolls of plastic, paper and canvas, and using hand-held pneumatic drills and drivers and a trigger-operated rivet gun. She then briefly worked at Spectra Physics before going to work for Junction City Center in June, 1982, where she remained until February, 1983. At Junction City Center, she carried trays of dishes and food to tables, bussed dishes in carriers weighing up to 40 pounds and washed dishes.

In September, 1982, claimant injured her mid-back and right arm while lifting containers of dishes from a bus cart to a drain table. She filed a claim against Junction City Center on November 4, 1982. Her carpal tunnel syndrome was first diagnosed on November 16, 1982, by Dr. Tsai, a neurosurgeon. He thought that the syndrome was related to her back injury and recommended that she continue only light work. On December 1, 1982, Junction City Center's carrier, EBI, accepted the claim.

In February, 1983, claimant consulted Dr. Campagna, a neurosurgeon, complaining of back pain and numbness and tingling in her hands. He asked her if she did repetitive work, such as needlepoint, and she said that she did some crocheting; he related her carpal tunnel syndrome to that activity. On the basis of his report, EBI notified claimant on February 10, 1983, that her previously accepted claim for the syndrome was denied as not related to her back injury. Campagna performed bilateral carpal tunnel release surgery in February, 1983, and saw her once for a post-operative visit

in March. Claimant filed an occupational disease claim against Marloc, which its carrier, SAIF, denied. Campagna later explained that the first time that he had heard of claimant's work activities at Marloc was during his deposition in January, 1984. On the basis of the repetitive nature of those activities he then concluded that they were a major contributing cause of the carpal tunnel syndrome. He did not believe that her work at Junction City Center either caused or worsened the carpal tunnel syndrome.

Dr. Jewel, a hand surgeon, examined claimant in October, 1983. He testified that claimant had recurrent carpal tunnel syndrome and that she probably had suffered a nerve injury at the time of her surgery. He testified that her carpal tunnel syndrome stemmed from the years that she had worked at Marloc performing repetitive hand motions and stated that he believed that that work was the major contributing cause of the syndrome. He also concluded that her job duties at Junction City Center could have exacerbated the syndrome. He did not believe that crocheting was a probable cause for her condition, because it does not require the sort of heavy work and repetitive hand motions on an eight-hour-a-day basis that generally cause carpal tunnel syndrome.

■　　　Claimant argues that the referee erred in not finding her syndrome a compensable occupational disease chargeable to Marloc. ORS 656.802(1)(a) defines an "occupational disease":

> "Any disease or infection which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein."

When work conditions are the major contributing cause of a disease, it is compensable. *Dethlefs v. Hyster Co.,* 295 Or 298, 310, 667 P2d 487 (1983); *Gabriel v. Hyster Co.,* 72 Or App 377, 381, 696 P2d 542 (1985);

■　　　The referee concluded that claimant had failed to establish the compensability of the carpal tunnel syndrome, because it was just as likely to have resulted from her crocheting as from any work activity. He refused to rely on the preponderance of the medical evidence, because he determined that the medical opinions were based on historical facts provided by claimant and that she lacked credibility. Although

we generally defer to a referee's finding on credibility, *Condon v. City of Portland,* 52 Or App 1043, 1046, 629 P2d 1324, *rev den* 291 Or 662 (1981), the referee's finding in this case is so replete with illogical and irrelevant assertions that we will not rely on it. *See Mendoza v. SAIF,* 61 Or App 177, 180, 655 P2d 1096 (1982).

The evidence in this case includes reports from three medical doctors. All believe that claimant's carpal tunnel syndrome relates to her on-the-job activities. Only one, Campagna, ever related her condition to crocheting, but when he did so he was unaware of her work-related activities. The record corroborates her description of her various job duties, and none of the employers offered contradicting evidence. Both doctors who treated claimant agree that her work activity at Marloc was the major contributing cause of her carpal tunnel syndrome.

The referee's finding that claimant's crocheting met the level of repetitive activity that the physicians explained is necessary to cause carpal tunnel syndrome is not supported by the record. We conclude that claimant proved by a preponderance of the evidence that her carpal tunnel syndrome arose out of and in the scope of her employment at Marloc.

In her second assignment of error, claimant contends that Junction City Center and its carrier violated the rule in *Bauman v. SAIF,* 295 Or 788, 790, 670 P2d 1027 (1983), by denying responsibility for her carpal tunnel syndrome 69 days after they had accepted her claim. In *Bauman,* the court stated that, once a claim is accepted under ORS 656.262(6), which requires acceptance or denial of a claim within 60 days after the employer has notice or knowledge of it, the insurer may not subsequently deny compensability.

At the time that EBI accepted the claim for Junction City Center, it had knowledge of the carpal tunnel syndrome and was on notice that claimant claimed that it related to her back injury. It does not assert any of the exceptions to the *Bauman* rule of fraud, misrepresentation or other illegal activity. *See Liberty Northwest Ins. Corp. v. Powers,* 76 Or App 377, 380, 708 P2d 1202 (1985). It could not, therefore, deny the compensability of the claim. We held in *Jeld-Wen v. McGehee,* 72 Or App 12, 15, 695 P2d 92, *rev den* 299 Or 203 (1985), that the prohibition stated in *Bauman* applies as well to denials of

responsibility. Therefore, we hold that Junction City Center's denial of responsibility for the carpal tunnel syndrome was unlawful.[1]

Reversed and remanded with instructions to accept occupational disease claim against Marloc and to set aside Junction City Center's denial of responsibility and for further proceedings not inconsistent with this opinion.

---

[1] An accepting employer is required to continue compensation and cannot retroactively deny the claim *unless and until* someone else is determined to be responsible. *Retchless v. Laurelhurst Thriftway,* 72 Or App 729, 696 P2d 1181, *rev den* 299 Or 251 (1985).