Argued and submitted December 1, 1986, affirmed March 11, 1987

In the Matter of the Compensation of
Delmer J. Hultberg, Claimant.

COASTAL FARM SUPPLY,
*Petitioner,*

*v.*

HULTBERG,
*Respondent.*

(84-12594; CA A38687)

734 P2d 1

E. Jay Perry, Eugene, argued the cause for petitioner. With him on the brief was Cleaves, Swearingen, Larsen & Potter, Eugene.

Edward J. Harri, Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp, Kryger & Alexander, Albany.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Employer seeks review of an order of the Workers' Compensation Board which reversed the referee and held claimant's knee injury compensable. We find that the evidence preponderates in favor of compensability and affirm.

Employer hired claimant in September, 1984, to help set up a new store. Claimant testified that he twisted his left knee twice on October 3, 1984, while unloading freight at the store. His parents also testified that, on October 3, 1984, he reported to them that he had twisted his knee at work. Although the injury caused swelling, pain and limping, he continued to work, and did not then file a claim.

Three of claimant's supervisors testified that, at different times, they each asked him why he was limping and whether the injury occurred at work. They testified that claimant said that he did not believe that it had happened at work. One supervisor testified that he said that he hurt his knee playing softball, although another supervisor present during that conversation testified that he did not remember him mentioning any cause for the injury.

Claimant denied that his supervisors had asked whether the injury occurred at work. He testified that he did mention to one supervisor that the injury happened at the new store. He also testified that he had not played softball for months and that he had not indicated that the injury had occurred while he was playing softball.

On October 8, 1984, he went to an emergency room, where a physician treated his knee and referred him to a specialist. The knee required surgery, which was performed later that month. Claimant had not then filed a claim. He testified that he had waited, because he was afraid that if he did file a claim he might lose his job. After the surgery his employer informed him that he had been replaced. Claimant filed a claim on October 31, 1984, after he had been fired.

On this record, the credibility of the witnesses is crucial. The referee concluded that, although "claimant appeared * * * to be trying to be candid in his response to questions, his specific testimony * * * is entirely inconsistent with the documentary record prepared much closer in time to the alleged injury date." Furthermore, the referee stated, "I have relied

more on the written record as I conclude that the passage of time and the obvious concern by the witnesses for the respective party which presented them has tinged the testimony of those witnesses."

The Board rejected the referee's conclusion:

"While we agree with the referee that the facts of this case are a bit puzzling, we find that the evidence preponderates in favor of compensability. Although we did not observe claimant's demeanor at hearing and, therefore, we are unable to make a credibility finding in that regard, our reading of the transcript satisfies us that claimant answered the questions presented to him in an honest and straightforward manner. We are also satisfied that claimant's witnesses testified truthfully, even though they were obviously concerned for claimant's welfare."

In exercising *de novo* review we generally defer to the referee's determination of credibility, when it is based on the referee's opportunity to observe the witnesses. *Humphrey v. SAIF,* 58 Or App 360, 363, 648 P2d 367 (1982). However, when the referee's conclusion is based not on demeanor, but on an objective evaluation of the *substance* of a witness's testimony, the referee has no greater advantage in determining credibility than we do. *Davies v. Hanel Lumber Company,* 67 Or App 35, 38, 676 P2d 946 (1984).

The referee found claimant's demeanor candid. We defer to that evaluation. The referee rejected claimant's specific testimony, because he perceived a conflict between that testimony and the documentary evidence. That rejection, therefore, is grounded in the referee's objective evaluation of the *substance* of claimant's testimony. We do not defer to that determination. Rather, we find that the documentary evidence does not directly conflict with that testimony.

The documentary evidence includes the physicians' records of claimant's visits. The emergency room record indicates that, although claimant had been moving freight that week, he remembered no specific trauma. The records of the specialist state:

"Patient * * * notes that on approximately 10-3-84 while

at work moving a heavy shipment but not noting any specific episode of trauma, he probably injured his left knee."[1]

The documentary evidence does not wholly support claimant's testimony that there were two specific twisting incidents on October 3, 1984. However, we agree with the Board's conclusion:

"The notation appearing in the emergency room record implies that claimant at least suggested to his physician that he injured himself on the job. * * * [T]his notation, coupled with the testimony of claimant and his witnesses, makes it more likely than not that claimant suffered a compensable injury * * *."

Claimant has established compensability by a preponderance of the evidence.

Affirmed.

---

[1] The referee rejected the evidentiary value of the specialist's notation. The referee believed that the passage of time since the injury had tainted claimant's statement of the cause of his injury. However, we find that his concern about losing his job adequately explains the delay in filing. *See Westmoreland v. Iowa Beef Processors,* 70 Or App 642, 645, 690 P2d 1105 (1984), *rev den* 298 Or 597 (1985). Furthermore, we find that the earlier emergency room record is consistent with this later notation.