Submitted on remand from the Oregon Supreme Court May 6, remanded to Workers' Compensation Board August 26, 1987

In the Matter of the Compensation of
Charlotte J. Johnson, Claimant.

JOHNSON,
*Petitioner,*

*v.*

SPECTRA PHYSICS et al,
*Respondents.*

(83-02119, 83-02685, 83-10719; CA A33862)

741 P2d 510

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Bruce L. Byerly, Portland, argued the cause and filed the brief for respondents Spectra Physics and Western Employers Insurance.

Jerald P. Keene, Portland, argued the cause for respondents EBI Companies and Junction City Center. On the brief were Craig A. Staples and Roberts, Reinisch & Klor, P.C., Portland.

David Runner, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Marloc Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

This case is before us on remand from the Supreme Court. 303 Or 49, 733 P2d 1367 (1987). That court instructed us to determine, first, whether claimant's carpal tunnel syndrome (CTS) is compensable by Junction City Center (Junction), her second employer. In our original disposition of this case, we determined, and the Supreme Court affirmed, that the CTS is compensable by Marloc, the first employer. We would have assigned sole responsibility to Marloc at that time but for the technicality of what we thought to be an improper "backup denial" on the part of Junction. We remanded the case at that time with the understanding that the Board would apply *Retchless v. Laurelhurst Thriftway,* 72 Or App 729, 696 P2d 1181, *rev den* 299 Or 251 (1985), which holds that an accepting employer is responsible for compensation until someone else is determined to be responsible.

As we stated in our original opinion, 77 Or App 1, 712 P2d 125 (1985), both doctors who treated claimant agree that her work activity at Marloc was the major contributing cause of her carpal tunnel syndrome. The evidence establishes that the employment at Marloc was the actual cause of the CTS. On remand, claimant argues that we should apply the last injurious exposure rule and hold Junction responsible. The rule is not applicable here, because sufficient proof of actual causation in the earlier employment exists. *Runft v. SAIF,* 303 Or 493, 502, 733 P2d 1367 (1987). Because the employment at Marloc was the actual cause of claimant's occupational disease, Marloc is the responsible employer.

The Supreme Court's remand also instructs us to determine penalties, if any, against EBI for failing to respond to claimant's claim within 60 days.[1] ORS 656.262(10) provides that "if the insurer * * * unreasonably delays acceptance or denial of the claim, the insurer * * * shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382." The issue of unreasonable delay has never been dealt with by a referee or the Board; therefore, we remand that issue to the Board.

---

[1] Although it used the term "claim," the Supreme Court really meant "portion of a claim," referring to the notice of the CTS which claimant gave after filing her original claim. *See Johnson v. Spectra Physics,* 303 Or 49, 56, 733 P2d 1367 (1987).

Remanded to Workers' Compensation Board for proceedings not inconsistent with this opinion.