Argued and submitted September 2, reversed and referee's order reinstated
October 7, 1987

In the Matter of the Compensation of
Janell M. Sherman, Claimant.

SHERMAN,
*Petitioner,*

*v.*

WESTERN EMPLOYERS INSURANCE,
*Respondents.*

(WCB 85-04086; CA A41799)

743 P2d 759

Ronald L. Bohy, Salem, argued the cause and filed the brief for petitioner.

Craig A. Staples, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order that reversed the referee's order setting aside employer's denial of her claim. The Board held that claimant had not proven by a preponderance of the evidence that she had injured her back while at work. We review *de novo* and reverse.

Claimant, a registered nurse, testified that while at work on January 30, 1985, she felt a searing pain in her back when she twisted as she steadied an unstable patient, that her back continued to hurt and that she mentioned the incident later that day to Hotchkiss, her supervisor. She also testified that Hotchkiss called her at home the next evening to ask her to work the following day. She responded that she had back trouble but that she would work if someone else could be assigned to do the required lifting. She testified that she reminded Hotchkiss that she had injured her back at work the day before.

Claimant's sister, Teresa, testified that claimant appeared to suffer back pain when she returned from work January 30 and that she told her that she had hurt her back assisting a patient. Teresa also testified that she had answered the telephone when Hotchkiss had called and that she overheard claimant remind Hotchkiss that she had been injured at work the day before.

Hotchkiss testified that claimant did not report any injury on January 30. She admitted that Teresa had answered the telephone when she called to ask claimant to work and that claimant had asked for help with lifting. However, she testified that claimant did not mention that she had injured herself at work the day before. Hotchkiss testified that she did assign someone to assist claimant with lifting the next day.

Claimant testified that she worked despite back pain on February 1, 2 and 4, when she began a two week period away from work, and that during that time she treated herself with bed rest, hoping that the injury would improve. Her condition did not improve, and on February 18 she saw Dr. Coleman and on February 20 Dr. Isaacson. Both doctors initially diagnosed bursitis and indicated "no trauma" in their notes. Claimant explained that she told Coleman that she had

earlier injured her back assisting a patient but that he had dismissed that incident as probably causing no more than a muscle spasm. She testified that Isaacson's nurse asked if she had fallen and injured her back and that she replied that she had not fallen.

After unsuccessful conservative treatment, Isaacson changed her diagnosis to a ruptured disc. She referred claimant to Dr. Misko, who confirmed the presence of the ruptured disc, and in early April he surgically removed it. Both Isaacson and Misko concluded that the twist to claimant's back on January 30 caused the disc to rupture.[1]

The referee found both claimant and Hotchkiss credible in their demeanor. He resolved the substantive conflict in their testimony by concluding that Hotchkiss had forgotten that claimant had told her that the back injury had occurred at work. The Board found that claimant did not inform Hotchkiss at the time of the alleged injury. It also found that it was unlikely that the injury to claimant's back occurred at work on January 30, because it found that the symptoms did not occur until two weeks later. Therefore, it concluded that claimant's injury was not compensable and reversed the referee's order awarding compensation.

In exercising *de novo* review, we generally defer to the referee's determination of credibility. However, when the issue of credibility concerns the substance of conflicting testimony, not just the demeanor of the witnesses, we make our own determination. *Coastal Farm Supply v. Hultberg,* 84 Or App 282, 285, 734 P2d 1 (1987).

On March 6, 1985, Hotchkiss signed an 801 claim form. The portion to be signed by claimant indicated that the injury occurred in the course of employment on January 30, 1985.[2] The portion signed by Hotchkiss, as representative of employer, had stated that the date when employer first knew

---

[1] A nurse at the hospital stated in a deposition that Dr. Coleman had stated that claimant's injuries were caused by horseback riding. However, the only reference in Coleman's notes states *"no horseback* riding X 2 wk." (Emphasis in original.)

[2] On the copy of the form filed with the department, the check in the box indicating that the injury had occurred at work was scratched out and the "unknown" box was checked. No evidence in the record indicates how or why that happened, but it is uncontested that the *original* form indicated that the injury occurred at work.

of the injury was February 1, 1985, and that the injury occurred on the employer's premises. That information is consistent with claimant's testimony that she reported the injury shortly after it occurred.[3] It is also consistent with the uncontested fact that Hotchkiss did assign lifting help for claimant on February 1, 1985. We conclude that the injury occurred as claimant testified.

In reaching its conclusion that claimant's injury was not compensable, the Board also relied on the observation of Isaacson in a letter to employer's counsel that it was unusual for back strain symptoms to develop two weeks after a traumatic incident. The Board's reliance was misplaced. Isaacson's comments were general in nature and not addressed to claimant's situation in particular. Further, it is clear from the record that symptoms appeared *immediately* after the strain. It was the initial *diagnosis* which was not made until two weeks later, when claimant sought medical treatment. Finally, Isaacson's chart notes state that "[t]his [injury] occurred at work when she was trying to help support a patient who was falling. I suspect that it was at this time that the disc ruptured and the symptoms began."

Reversed; referee's order reinstated.

---

[3] Employer relies on testimony of other hospital employes that they did not know about claimant's injury, although claimant testified that she mentioned it to them. That testimony indicates that some witnesses *did* know that she was suffering back pain, but were not aware of the cause, and that some witnesses had not observed any difficulties, but admitted that they had limited contact with claimant because they were very busy.