Argued and submitted October 13, affirmed December 13, 1989

In the Matter of the Compensation of
Phillip E. Ledbury, Claimant.

## LEDBURY,
*Petitioner,*

*v.*

## MONTGOMERY WARD & CO.,
*Respondent.*

(WCB 87-03490; CA A60016)

783 P2d 1022

C. Rodney Kirkpatrick, Portland, argued the cause for petitioner. With him on the brief was Kirkpatrick & Zeitz, Portland.

William D. Peek, Portland, argued the cause for respondent. On the brief were Ridgway K. Foley, Jr., P.C., and Schwabe, Williamson & Wyatt, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

**GRABER, P. J.**

Claimant petitions for review of the Workers' Compensation Board's decision to deny benefits. He argues that the order is not supported by substantial evidence, that the Board improperly failed to adhere to the referee's findings on credibility, and that the Board relied on allegedly inaccurate and irrelevant evidence. We affirm and write only to discuss the second issue.

Claimant alleges that he sustained a work-related injury on July 15, 1986. He did not file a claim until February, 1987. ORS 656.265 requires that a claim be filed within 30 days of the accident or within one year of the date of the accident if "good cause for failure to give notice within 30 days after the accident" is shown.

Claimant testified that he called his employer two days after the accident to request a claim form and that the personnel manager told him that he had to report in person within 48 hours to file the form. He was unable to report in person within 48 hours and testified that employer's instruction was the reason for his late filing. The personnel manager testified that she had no specific recollection but that the company's records showed no contact from claimant with employer on July 17, 1986. Because no record was made and because all such contacts are supposed to be recorded, she maintained that claimant could not have called on that day. She also testified that employer's normal business practice was to mail a claim form to an employe who could not come in to get it or to allow another person to pick up the form for the employe.

The referee found that "[c]laimant's credible testimony established that he attempted to file the claim in a timely manner, but he was unable to do so because someone, at the employer's office, convinced him that the claim was barred because of [a] supposed 48-hour limit." The Board reviewed *de novo* and reversed. It stated:

> "After reviewing his testimony, we find claimant not credible for three reasons. First, as discussed above, his testimony is not consistent with the employer's attendance records. Second, although claimant testified that he told all of his doctors that his injury occurred on the job, their reports and chart notes prior to July, 1987, do not reflect that history. Dr.

Franks received history from claimant that he developed pain 'with no known inciting cause.' Dr. Crumpacker, who saw claimant in consultation with Franks, reported that claimant's history 'goes back to July [1986] when he awoke in the middle of the night one night to have severe cramping pain in his left calf.' The only medical report that mentions work activities was issued by Franks in July, 1987, after he received additional history from claimant's attorney. That history was not included in the record and remains unknown.

"Finally, claimant testified that he was laid off work after filing his claim on February 16, 1987. Based on that allegation, he filed a complaint against the employer with the Bureau of Labor and Industries. Claimant's testimony was contravened by his supervisor, Mr. Hayden. Hayden testified that he informed claimant on February 14, 1987 that he would be placed on a floating work schedule due to a reduction in work hours. Ms. Peterson testified likewise. Claimant later resigned, citing his work schedule as the reason.

"Given our credibility finding, we decline to accept claimant's testimony that he attempted to file a claim in July, 1986."

Claimant argues that the Board was not free to disagree with the referee's credibility determination unless it followed, in its *de novo* review, the same reasoning that we followed when we formerly exercised *de novo* review. He cites, for example, *Condon v. City of Portland,* 52 Or App 1043, 629 P2d 1324, *rev den* 291 Or 662 (1981), and *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), *rev den* (1971). The Board is not required to use the same criteria that we did. All that is required is that, if the Board reverses a referee's finding on credibility, it "state precisely what it found to be the facts and * * * explain how those facts [led] to its conclusion." *See Lewis v. Employment Division,* 66 Or App 303, 307, 673 P2d 1376 (1984).[1]

In the present case, the Board identified three factors that led it to disbelieve claimant's testimony. The Board explained why it disagreed with the referee and made its own findings. There is substantial evidence in the record to support those findings, and the Board's reasoning from them to

---

[1] We note that our cases did not require us, on *de novo* review, to accept a referee's credibility finding. *See e.g., Johnson v. Spectra Physics,* 77 Or App 1, 712 P2d 125 (1985), *rev'd on other grounds* 303 Or 49, 733 P2d 1367 (1987).

its conclusion is not irrational or unsound. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988).

Affirmed.