In the Matter of the Compensation of
Stephen D. McElroy, Claimant.

INTERNATIONAL PAPER CO.,
*Petitioner,*

*v.*

McELROY,
*Respondent.*

(87-13564; CA A60519)

789 P2d 269

Janet M. Schroer, Portland, argued the cause for petitioner. On the brief were Ridgway K. Foley, Jr., and Schwabe, Williamson & Wyatt, Portland.

David L. Johnstone, Portland, argued the cause for respondent. With him on the brief was Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Before Graber, Presiding Judge, and Rossman and Edmonds, Judges.

## ROSSMAN, J.

Employer petitions for review in this workers' compensation case. Claimant compensably injured his pelvis in April, 1986. He returned to work, and the claim was closed in September, 1986. Employer laid him off in November; early in 1987, he went to work part-time as a janitor at a different employment. He began to complain of increased pain in March, 1987, and filed an aggravation claim the next month. Employer denied the claim.

After a hearing, the referee affirmed the denial:

"The only support for claimant's claim for aggravation is the claimant's subjective complaint of increased pain which is not really verified by any of the medical examiners he has seen, including Dr. McLean. I conclude that the claimant believes he could do the work at International Paper and, in fact, wants to be employed there. I did not find claimant to be a credible witness."

The Board reversed, saying:

"The employer argues that claimant has failed to sustain his burden of proof because the medical opinions are based on claimant's subjective reports and the Referee found claimant not credible. We would agree if we were to accept the Referee's credibility finding; however, we do not.

"The Referee stated without explanation that claimant was not a credible witness. There is no basis for inferring that the Referee's credibility finding is based on demeanor. We find nothing in the record which supports a finding that claimant was not credible. We have no obligation to defer to a credibility finding which is not based on demeanor because we are in as good a position as the Referee to decide credibility based on the record. Accordingly, we find that claimant was credible. We rely on his testimony that his condition has worsened to the point that he cannot do his regular work."

Employer argues that the Board's conclusion that claimant suffered an aggravation is not supported by substantial evidence, because claimant presented no objective evidence and his subjective claims were not credible. It contends that the referee's finding on the issue of credibility should be given great weight, because the referee's opinion implies that the finding is based on claimant's demeanor.

A finding about credibility may rest on demeanor or

on objective evaluation of the substance of a witness' testimony. When the finding is made on the basis of demeanor, deference is given to the referee's determination but, when the determination is not based on demeanor, the referee has no greater advantage than the reviewing body in determining credibility. *Coastal Farm Supply v. Hultberg,* 84 Or App 282, 285, 734 P2d 1 (1987). Here, the referee gave no explanation for his credibility finding.[1] Thus, there was no determination to which the Board, on its *de novo* review, could defer. It was free to make its own determination. The record supports the Board's holding.[2]

Affirmed.

**GRABER, P. J.,** dissenting.

I dissent. The majority holds that "the referee gave no explanation for his credibility finding. Thus, there was no determination to which the Board, on its *de novo* review, could defer." 101 Or App at 64. (Footnote omitted.) Ordinarily, the Board gives great weight to a referee's finding of credibility. The majority's approval of its refusal to do so in this case rests on a misapprehension of the referee's role.

The Supreme Court has established the standard for a referee's findings in an administrative proceeding:

> "Where there is evidence in the record both to make more probable and to make less probable the existence of any particular basic fact, a referee need not explain why he or she chose which evidence to believe. Similarly, if from the basic facts found by a referee one could rationally infer a further fact, a referee need not explain the rationale by which the inferred fact is reached.

---

[1] We note that the Board's reasoning on credibility does not affect its conclusion that the expert medical evidence supported claimant's aggravation claim. The Board concluded:

> "The medical experts agree that claimant's compensable condition has not objectively worsened. *However, they also agree that his subjective complaints have worsened so that he can no longer do his regular work.* A subjective worsening which renders a claimant less able to work is sufficient to prove an aggravation claim." (Emphasis supplied.)

[2] The dissent suggests that, because the Board found "nothing in the *substance* of claimant's testimony to deprive it of credibility," 101 Or App at 66 (emphasis supplied), the referee necessarily based his finding on demeanor. The referee may have based his decision on substantive inconsistencies, demeanor or a combination of those factors.

"On the other hand, where a referee declines to find in accordance with uncontradicted evidence because it comes from a source that the referee finds to be unreliable, a referee should identify the unreliability to serve as an explanation in support of the findings of basic fact or the rationality of an inference the referee may draw from the basic facts. If the evidence is in the form of testimony that a referee does not believe because the referee finds the witness either mistaken or simply to be an untruthful person, the referee should make an express finding of that fact." *Dennis v. Employment Div.,* 302 Or 160, 169, 728 P2d 12 (1986).

That is, a referee is not obliged to state *expressly* that the finding on credibility is based on demeanor.

In affirming employer's denial of the claim here, the referee wrote:

"The only support for claimant's claim for aggravation is the claimant's subjective complaint of increased pain which is not really verified by any of the medical examiners he has seen, including Dr. McLean. I conclude that the claimant believes he could do the work at International Paper and, in fact, wants to be employed there. [Claimant testified that he applied for his old job at International Paper but that he '[didn't] feel capable of doing that kind of work.'] *I did not find claimant to be a credible witness.*" (Emphasis supplied.)

The Board reasoned, however:

"The Referee stated without explanation that claimant was not a credible witness. *There is no basis for inferring that the Referee's credibility finding is based on demeanor.* We find nothing in the record which supports a finding that claimant was not credible. We have no obligation to defer to a credibility finding which is not based on demeanor because we are in as good a position as the Referee to decide credibility based on the record. Accordingly, we find that claimant was credible. We rely on his testimony that his condition has worsened to the point that he cannot do his regular work." (Emphasis supplied.)

Employer contends that the Board's finding of credibility is not supported by substantial evidence and that its reasoning, in rejecting the referee's credibility finding, is irrational or unsound. *See Ledbury v. Montgomery Ward & Co.,* 99 Or App 631, 634-35, 783 P2d 1022 (1989). I agree with the

second argument, because the opinion is internally inconsistent. The Board observed that there was nothing in the *substance* of claimant's testimony to deprive it of credibility. That being so, the only *possible* basis for the referee's express finding that claimant was not a credible witness was subjective, that is, "based on demeanor." *See Coastal Farm Supply v. Hultberg,* 84 Or App 282, 285, 734 P2d 1 (1987). The Board's statement that "[t]here is no basis for inferring that the Referee's credibility finding is based on demeanor" does not fit logically with the remainder of its own discussion, even if the referee were required to state the basis for a credibility finding in order to be entitled to the Board's deference. Accordingly, the Board has not adequately explained its decision.[1]

On that basis, I would reverse and remand for reconsideration. Therefore, I dissent.

---

[1] Apparently as an aside, the majority also suggests that "the Board's reasoning on credibility does not affect its conclusion that the expert medical evidence supported claimant's aggravation claim." 101 Or App at 64 n 1. That suggestion ignores the Board's own explanation of its holding:

> "The employer argues that claimant has failed to sustain his burden of proof because the medical opinions are based on claimant's subjective reports and the Referee found claimant not credible. *We would agree if we were to accept the Referee's credibility finding;* however, we do not." (Emphasis supplied.)