Argued and submitted March 22, 2001, affirmed February 20, 2002

In the Matter of the Compensation of
Erika W. Ortman, Claimant.

Erika W. ORTMAN,
*Petitioner,*

*v.*

LAIDLAW TRANSIT (WEST),
*Respondent.*

98-06708; A108891

40 P3d 1109

Ernest M. Jenks argued the cause and filed the brief for petitioner.

Patrick D. Gilroy argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Van Hoomissen, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

■     In this workers' compensation case, claimant seeks review of an order of the Workers' Compensation Board holding that her injury was excluded from compensability under ORS 656.005(7)(b)(C), which bars compensation for injuries caused, in major part, by the worker's consumption of alcohol. We review the Board's order for substantial evidence and errors of law, ORS 183.482(7) and (8), and affirm.

The facts are undisputed. In August 1997, claimant was on summer lay-off as a school bus driver for employer. On the date of the injury, claimant had lunch with some friends during which time she drank three 12-ounce glasses of wine. After lunch, at employer's request, she drove her own car to work to pick up information for her bus route for the upcoming school year.

While at employer's office, claimant spoke with two of employer's dispatchers about work-related matters for approximately five to ten minutes. Claimant then returned to her car, walking on a gradually sloped gravel area, where she slid and fell, fracturing her right hip and femur. At the hospital, before surgery, claimant had a blood test. Dr. Burton, a medical toxicologist, later analyzed the test and determined that claimant's blood alcohol level at the time of the fall was approximately .30.

Claimant filed a workers' compensation claim. Employer did not contest the *prima facie* compensability of claimant's injury, *see* ORS 656.005(7)(a) (injury compensable if it arises "out of and in the course of employment"); however, it denied compensability based on the "alcohol defense," codified at ORS 656.005(7)(b)(C).

Claimant requested a hearing and the administrative law judge (ALJ) set the denial aside, finding that the major contributing cause of claimant's fall was loose gravel on a gradually sloped surface and not her alcohol consumption. The Board reversed, finding that claimant's consumption of alcohol was the major contributing cause of her injury.

On judicial review, claimant asserts that the Board erred as a matter of law (1) in concluding that claimant's

intoxication was the major contributing cause of her fall without weighing all contributing factors; and (2) in relying on an expert opinion not based on an accurate medical history.

In claimant's first assignment of error, she asserts that the Board failed to weigh nonmedical factors in determining the cause of claimant's injury and erroneously determined as a matter of law that claimant's intoxication disqualified her from receiving benefits. Claimant relies on *Dietz v. Ramuda*, 130 Or App 397, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995), arguing that the Board erred because it did not consider all relevant contributing factors. In *Dietz,* we held that when evaluating the major contributing cause of a *combined condition* under ORS 656.005(7)(a)(B), "the relative contribution of each cause, including the precipitating cause, must be evaluated under the particular circumstances." *Id.* at 401-02. Employer argues that its evidence established that the major cause of claimant's injury was claimant's impairment due to alcohol intoxication and that the Board correctly evaluated all the evidence in determining the major contributing cause of the fall. To resolve this assignment we need to construe ORS 656.005(7)(b)(C).

■    In construing a statute, we first look to its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Because we find that the legislature's intent is apparent from an analysis of the text and context of the statute, we do not proceed beyond the first level of analysis. *Id.* at 611.

■    ORS 656.005(7)(b)(C) provides, in part, that an otherwise compensable injury is not compensable if "the major contributing cause of [the injury] is demonstrated to be by a preponderance of the evidence the injured worker's consumption of alcoholic beverages * * * unless the employer permitted, encouraged or had actual knowledge of such consumption." By its terms, it is evident that alcohol consumption alone will not suffice. Rather, ORS 656.005(7)(b)(C) requires that, to assert the alcohol defense to compensability successfully, an employer must prove by a preponderance of the evidence that (1) consumption of alcohol was the major

contributing cause of the injury; and (2) the employer must not have permitted, encouraged or have actual knowledge of the consumption.[1]

Assuming, without deciding, that the *Dietz* analysis applies here, it is clear from the Board's order that it applied the correct standard. The Board stated that it was "persuaded by [Burton's] well-reasoned opinion that claimant's alcohol consumption resulted in severe sensory impairment and impairment of judgment, coordination and the ability to execute motor functions." There was evidence before the Board that other, work-related factors may have been a cause of claimant's injury and the Board discussed those factors. There is no indication that the Board failed to consider all the relevant factors based on Burton's opinion that alcohol was the major contributing cause of claimant's injury. Accordingly, we reject claimant's first assignment of error.

In her second assignment of error, claimant asserts that the Board erred in relying on Burton's opinion, which contained the erroneous statement that the place where claimant fell was flat, rather than sloped. Specifically, claimant argues that, because of the inaccurate statement, as a matter of law, Burton's opinion cannot provide substantial evidence to support the Board's order.

The inaccuracy in Burton's opinion went to its weight, and, despite the inaccuracy, the Board adequately explained why it found the opinion to be persuasive. *SAIF v. January*, 166 Or App 620, 625, 998 P2d 1286 (2000). The Board noted that the medical record showed that Burton was aware that the ground was sloped. The Board explained its reasoning:

> "In light of [Burton's] findings regarding the extent of claimant's 'severe sensory impairment' and the fact that his findings are consistent with claimant's testimony regarding her alcohol consumption, we find that [Burton's] inaccurate reference to a 'flat surface' is not particularly important."

---

[1] It is undisputed that employer had no knowledge of claimant's alcohol consumption.

Despite the inaccuracy, the Board could reasonably rely on Burton's opinion in support of its determination that claimant's alcohol consumption was the major contributing cause of her fall.

Finally, claimant argues that, because Burton did not personally examine claimant and based his opinion solely on a review of claimant's medical records, his opinion is "general in nature" and, therefore, is not persuasive. In *Sherman v. Western Employers Ins.*, 87 Or App 602, 743 P2d 759 (1987), we held that the Board's reliance on a doctor's opinion that was "general in nature and not addressed to claimant's situation in particular" was erroneous. *Id.* at 606. In contrast to the opinion in *Sherman*, Burton's opinion is specific to claimant and the level of claimant's intoxication at the time of her injury. The Board did not err.

Affirmed.